CHARLOTTE L. and LINDLEY M. SMYTH *vs.* WILLIAM BURNS'S Administrators.

S. made his last will and testament, and appointed B. one of his executors by the will, in which is the following clause: " In further trust and confidence

that they (the executors) will invest all the residue of the proceeds of my estate in good securities, in the most profitable manner," &c. In pursuance of this authority conferred upon them, the executors invested the sum of five thousand dollars in stock of the Commercial Bank of Natchez, which, at the time, was considered a safe and profitable investment; and taken by the most prudent persons. *Held*, that the executors acted in good faith, and with an eye to the interest of the legatees under the will.

The exceptions to the account were properly overruled by the court below.

In error from the probate court of Adams county; Hon. Charles P. Duberson, probate judge.

This was a proceeding in the probate court of Adams county by William Burns, surviving executor of the last will and testament of George W. Smyth, deceased, in presenting his final account of settlement in said court of the said estate. Exceptions were filed by C. L. and L. M. Smyth, the legatees of the deceased, to the allowance by the probate court of the account of the executor. The first exception was, that Burns, the executor, charges the estate with $5,000 invested in stock of the Commercial Bank of Natchez, which proved valueless. The following is the clause in the will of deceased under which the investment was made : —

" In further trust and confidence, that they (the executors) will invest all the residue of the proceeds of my estate in good securities, in the most profitable manner," &c.

It was alleged by the legatees, that the investment in the stock aforesaid was unauthorized; but it was shown by the executor, that the investment was at the time a prudent and safe one. The second exception to the account of the executor was, that he charged himself with a note for $3,162.50, dated 25th of May, 1833, being the proceeds of the sale of land of the deceased, payable twelve months after date, and given by F. Stanton to Eli Huston alone, the other executor. Burns and Huston gave separate bonds for the discharge of their duties as executors, and it was proven, that the note was paid; but it did not appear whether to Burns or Huston. Both these exceptions were overruled, and the legatees prayed a writ of error.

*James Carson, Jr.*, for appellant.

The following errors are assigned in this case : —

1st. The court below erred in overruling the fourth exception to the account of Wm. Burns, executor of George W. Smyth, deceased.

2d. The court erred in overruling so much of the sixth exception to said account, as had reference to the item of the $3,162.50 note given for the land.

But counsel filed no other brief in the papers.


*Adams* and *Dixon*, for appellee.

The will of Smyth, the decedent, ordered the balance of his estate to be invested in good securities for the benefit of certain persons, and created the executors of the will trustees for that purpose; and by the very terms of the will, full power and discretion was given to the executors to invest this fund as to them should seem safest, whilst it would at the same time produce a reasonable and steady profit; the intention of the .testator must govern the court in deciding upon the acts of the executor, (6 John. R. 73,) and no particular form of words is necessary to create a power. 10 Johns. R. 94, and Sugd. on Pow. 172. It is clear then, from the language of the testator, that he intended by the words, "in further trust and confidence," to create a trust, and commit his estate to the judgment of the executors as trustees to invest to the best advantage, to any particular class of "securities" or indemnity for the alternate return of the principal. The language used is "good securities," not discriminating between stocks, bonds, mortgages, or any other investment that would be a source of profit, whilst it left the principal sum in safety, until the time arrived for paying it over to the legatees. A full and unlimited discretion was given them, and in the discharge of their duty whilst acting in good faith, they could only be held responsible for such loss as occurred from such gross negligence of their trust as an ordinarily prudent man, with proper care, might have prevented; and the presumption of law is, that the trustee has faithfully executed his trust, unless the contrary is fully and

satisfactorily shown. *Maccubbin* v. *Cromwell,* 7 Gill & Johns. 157 ; *Chaplin* v. *Givens,* Rice, Ch. 132.

When the trustee acts in good faith and with diligence, he is entitled to the peculiar favor of the courts. *Diffenderffer* v. *Winder,* 3 Gill & Johns. 311.

The trust created by this will partakes both of the directory and discretionary character; directory, because it excludes the idea of an investment absolutely in any kind of property, but discretionary in this, that whilst there are various kinds of " securities," the will does not direct what particular kind shall have the preference, but leaves the choice of the nature and kind to the discretion of his executors.

As to the other point, it is contended, that Burns should show affirmatively and conclusively, that he did not receive the amount of the note given to his executor. This would be a strange rule. He says, by his account, nothing upon the subject, and then he is sought for the first time to be charged with it ; and it is clear to our minds, that those seeking to charge him should bear the onus of the proof to establish the fact. Has this been done ? The most that is contended for, is, that a doubt has been raised ; all the presumptions are in favor of the person sought to be charged, and he can only be charged by positive proof. 7 Gill & Johns. 157.

*J. T. McMurran,* on the same side.

The rule adopted, by a long course of practice, and from views of policy of state, in England, that the three per cents. are considered safe and other stocks not safe, is subject to another rule laid down by Lord Kenyon, and sanctioned by Lord Chancellor Eldon, that the court would protect an executor in doing with the funds what it would order him to do. *Howe* v. *Earl of Dartmouth, &c.,* 7 Ves. Jr. 139–150.

In the present case we show, by the admission in letter in the record, that the probate court of Adams county authorized guardians to invest, in the stocks of the banks of this State, the funds of their wards. Apply the rule as laid down by Lord Kenyon, and the executors, investing in bank stock under the practice of the probate court, would be protected, if the

36 *

will did not give the authority, which it plainly does. There is nothing technical in the words of the will, as counsel suggest there is. The English rule as to the three per cents. cannot apply; we have no such stocks, nor any other public stocks in either 1832 or 1836; there is no proof of the existence of any, nor was there really any at that time.

If the executor, then, acted in good faith, and invested the estate under the will, in what was at the time a good security, yielding, as far as he could foresee, a profitable, handsome income, and that semi-annually, he is not liable for any loss that might occur. That such was the case, that the stock was at a premium, that it was sought after by men of prudence and business at the time, for permanent investments, the record most abundantly shows. Let the agreement constituting the 9th page of the record be examined on this subject. Indeed, it is not pretended that the investment was not made in good faith, with ordinary prudence, and in the mode the most discreet capitalists of the country were investing at the time. This is all that the decisions of the courts have ever required of them. 4 Johns. Ch. R. 628, 629; *Knight* v. *Lord Plimouth*, 3 Atk. R. 480.

The other question raised in the record, whether Burns ought not to be charged with the bond of Stanton first maturing, and due in April, 1834, a year before Eli Huston's death, or more; the opposite counsel (from his brief) would seem to place less confidence in it than in the point we have just discussed. The admission of counsel, that it is left in doubt whether the payment was made to Burns or to Eli Huston, the other executor, must exonerate Burns; for it was the duty of the party attempting to charge Burns to fix his liability beyond any reasonable doubt, or the court cannot hold him liable.

But the proof obtained after the lapse of thirteen years, and the accident of Stanton's papers and books being burnt, including this bond, shows that Burns did not receive the proceeds of this bond.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from a decree of the probate court of Adams county, overruling certain exceptions taken by the

Smyth et al. *v.* Burns.

appellants to the account of William Burns, as executor of the last will and testament of George W. Smyth, deceased.

The executor in his account credited himself with the sum of five thousand dollars, money of his testator invested in the stock of the Commercial Bank of Natchez, under the following clause in the will of the deceased, to wit: " In further trust and confidence, that they (the executors) will invest all the residue of the proceeds of my estate in good securities, in the most profitable manner," &c.

The testimony shows, that the stock of that bank, at the time this investment was made, was taken by the most prudent and cautious men in the country; that the investment was considered safe and profitable, and that for several years it yielded a dividend of five per cent. semi-annually. The whole testimony shows, that the executor acted in good faith and with an eye to the interest of the legatees under the will.

Under this state of case, but two questions can arise for consideration, and they are : first, whether the will conferred upon the executor the power to make the investment; and secondly, whether the power, if conferred, was prudently exercised. The language of the will is too plain to admit of construction. The power is clearly granted. In regard to the second question, it is only necessary to state our decision. The testimony leaves no room for doubt on the subject. The exception was correctly overruled by the court below.

Another question is presented upon the account. An effort was made to charge the executor with a certain note, exceeding $3,000, payable to Eli Huston, also one of the executors under the will. The proof is, that Burns and Huston executed separate bonds, and qualified separately in the probate court as executors. Huston died about June or July, 1835. The note was paid before his death, but the witness is not positive whether it was paid to Burns or to Huston. In the absence of proof to the contrary, we must presume that payment was made to the payee (Huston) of the note.

Decree affirmed.

Yerger, J., having been employed as counsel in the probate court, took no part in this decision.