OF MARYLAND. 31

Marriott, Exc'r of McKim, *vs.* Handy and wife, *et. al* —1849.

WILLIAM H. MARRIOTT, SURVIVING EXECUTOR OF JOHN MC-KIM, JR., *vs.* SAMUEL J. K. HANDY AND WIFE, AND JOHN M. DUNCAN AND WIFE.—*June*, 1849.

This court passed a decree reversing an order of the court below, and remanding the cause, but delivered no opinion. HELD: that what was decided by this court in that case will appear from the decree, and not by a reference to the points made and argued by the counsel of either of the parties.

At the instance of legatees, the orphans court sent to the county court issues for trial; 1st, whether *D*, one of the executors, executed a certain mortgage to the testator in his life time; 2nd, whether this mortgage had been released in due form of law; and 3rd, whether the money due by it had been paid to the testator in his life time. HELD: that *M.*, the co-executor of *D.*, should be made a co-defendant with him in the trial of these issues.

The cause being remanded by a decree of this court, directing *M* to be made such co-defendant, and it appearing that *D*, the debtor executor had died pending the former appeal, and that *M* had made return of the mortgage debt alleged to be due by his deceased co-executor, it was HELD: that the trial of the above issues was no longer necessary.

The decree of this court, remanding the cause on the former appeal, was similar to a *procedendo* in any other case. Upon the return of the cause under it, the orphans court might have changed the issues, or added others, if found necessary.

When the court below is in possession of a cause under a *procedendo*, it can entirely change the issues, make a new case, convert an action of slander into an action of trover, or upon a promissory note, notwithstanding the words of the writ directing the court to proceed in the case as if no trial had taken place, or appeal prosecuted.

A receipt by a mortgagee, acknowledging that he has received the mortgage debt in full, is an equitable release of the mortgage, and the absence of a formal release under seal, could not make it the duty of the executors of the mortgagee to return the mortgaged property as part of the assets of their testator.

Appeal from the Orphans court of *Baltimore* county.

This case originated in a petition filed in said orphans court, on the 22nd of July, 1846, by the appellees, *Handy and others*, as legatees and persons interested in the settlement of the personal estate of *John McKim, Jr.*, against the executors on said estate, *Marriott* (the appellant,) and *David J. McKim*, now deceased. This petition alleged debts to be due the estate by both of said executors, which had not been returned by

them; that the debt due by the said *David*, was a mortgage executed by him to his said testator, on the 1st of May, 1840, conveying certain household effects, &c., to secure the sum therein mentioned, of $6,900, as the rent of a dwelling house of the said testator, occupied by his said son *David*, and praying for a return of an additional inventory and list of debts, and for the passage of a final account by said executors. It also states that said executors intend relying upon a receipt of the said testator as a discharge of the mortgage, which, it avers, cannot discharge a debt evidenced by a sealed instrument.

The answer of the said *David*, admitted the execution of said mortgage, yet wholly denied that any debt was now due thereby, from him to the testator, and averring that nothing had been due on it, he exhibited and relied on a receipt in full for the said mortgage claim executed by said testator, as a bar to said claim, and a full justification for the non-return of said debt. The answer of *Marriott*, the co-executor, did not admit the existence of the alleged debt, and founded his denial upon the declaration of the testator in his life time, that his said son *David* owed him nothing upon said mortgage claim; and also upon his own personal knowledge that the said receipt in full for said claim, executed by said testator to the said *David*, was made and executed at the instance and direction of the said testator, to discharge any claim that might appear to be due by said mortgage.

The petitioners then prayed that three issues might be sent to *Baltimore* county court for trial. The 1st related to the execution of the mortgage; 2nd, whether the mortgage had been released in due form of law; and 3rd, whether the money due by it had been paid to the testator in his life time. The executor, the said *David*, also prayed an issue on the single question, whether there was, at the death of the said *J. McKim*, any debt due by him to said *J. McKim*, under or by virtue of said mortgage.

On these petitions the orphans court, by their order of the 28th of April, 1847, directed the said issues to be sent for trial, as prayed, and also directed that in the trial of said issues, the

said petitioners should be plaintiffs, and the said *David J. Mc-Kim* the defendant. From this order an appeal was prayed by the petitioners, and this court, (DORSEY, J., dissenting,) at December term, 1847, reversed this order and remanded the cause.

The decree of this court, reversing said order is dated the 30th of March, 1848, and decrees "that there was error in the decree of the orphans court of *Baltimore* county, of the 28th of April, 1847, in not joining *William H. Marriott*, one of the executors of the late *John McKim, Jr.*, as a co-defendant with the said *David T. McKim*, the other executor of the said *John McKim, Jr.*, and that, therefore, so much of the said decree be, and the same is hereby reversed, with the costs," &c., "and that the said cause be, and the same is hereby remanded to the said orphans court, for the correction of the said error, making the said *W. H. Marriott* a party to the issues in the said decree mentioned, and for such other and further proceedings therein, as may be just and necessary."

The cause being thus remanded, the petitioners, on the 19th of June, 1848, filed another petition suggesting the death of said *David*, and praying that said issues might be sent for trial, as aforesaid, and *Marriott*, as surviving executor, be made defendant. *Marriott*, in his answer to this petition, after referring to the previous answers and proceedings, as showing that said issues related solely to a debt alleged to be due from his said co-executor, states, that being made a party to the proceedings by the original petition, he did not deem it necessary for him to have made return of said mortgaged property or debt; because, from the facts stated in the original answer, and especially the execution of the receipt in full by the testator, he believed there was nothing due the estate thereon, and because the debt being alleged to be due from his co-executor, it was, by law, the duty of said co-executor, if so indebted, to give in the claim, which thereby became assets in his hands, for which his bond was liable, and that the said debt being denied by his said co-executor, he, (*Marriott*,) as co-executor, had not the right, by any return of the debt made by him, to charge his

said co-executor with said debt, nor any power to institute any suit or proceeding against his said co-executor, for the recovery of the same; but, on the contrary, in case of a denial or refusal to give in a debt, by an executor alleged to be indebted, the law provided a special mode of proceeding, at the instance of any one interested in the estate, against said executor, by which the debt is established, became assets in his hands; and, therefore, he was neither required nor justified in retaining said debt, without the concurrence of his said co-executor, and in the face of his denial of the debt.   The answer, then, admitting the death of said *David*, by which respondent was left sole executor, states, that by this event he is advised the position of the controversy is materially varied, and that he ought now to make such a return as will enable him, or the parties interested, to take the necessary steps to establish or recover the same.   It then states that said *David* gave a separate bond as executor, amply sufficient to secure what may be due upon it, and that letters of administration had been granted on the estate of said *David.*   It then adds, that by the death of said *David*, all privity between his estate and that of *McKim*, the testator, is so far ended, that the only course for the determination of the said claim, is by legal proceedings against the administrator of said *David*, or on his said bond, or against the mortgaged property; and that the trial of said issues, without making the personal representatives or sureties of said *David* parties, would be wholly unavailing as to them, and that the necessity and legal propriety of trying, under said issues, the questions involved in the same, has ceased, since by the death of said *David*, his personal representatives or sureties are liable to legal proceedings for the trial of the same, by the surviving executor, or those interested in the estate, and cannot be made parties to this proceeding.   He, therefore, makes return of the debt claimed to be due under said mortgage, and submits that this return having been made, the trial of said issues is not necessary or legally proper, in order to the determination of the existence of said debt.

This return accompanies the answer, and makes return of

the mortgage debt, and returns as to the property mortgaged, that said *David* retaining possession after the mortgage, remained in possession until his death, denying the mortgage debt, and that the property, or what remains of it, passed to the hands of his said administrator, who claims the same, and denies that there is any debt due under the mortgage, and that he can make or return no inventory of the same, until he can obtain possession of the same by legal process, or otherwise, and for this purpose he submits himself to the direction of the court.

To this answer a replication was filed, reiterating the former allegations as to the existence of the debt, and the legal insufficiency of the receipt to discharge it, stating, in detail, the former proceedings, and setting out and relying upon the decision of this court on the former appeal, and the order remanding the cause, and insisting on the sending and trial of said issues with the appellant, as surviving executor, as the sole party thereto. And said orphans court, by their order of the 13th of September, 1848, ordered that the said issues should be transmitted for trial, and that the appellant, as said surviving executor, should be the party defendant thereto. From this order the present appeal is taken.

The cause was argued before DORSEY, C. J., SPENCE, MAGRUDER, MARTIN and FRICK, J.

By R. JOHNSON and McMAHON, for the appellants, who insisted:

1st. That as the said petition, and the issues prayed for under it, did not relate to any debt due by the said appellant, as executor, nor to any assets of the estate in his hands, but *solely* to a debt due and claimed from his said co-executor, *David,* and denied by said *David,* and to the property mortgaged therefor, remaining in the possession of said *David,* until his death, and passing, at his death, to his administrator holding possession of the same, and contesting said debt; and as the said issues relate exclusively to the existence of said debt, the result of the death of the said *David,* by the removal of the party to be charged

with said debt, was to render the trial of said issues, against the appellant alone, unnecessary, as insufficient to bind the party to be charged with the finding under said issues, or the results thereof, and unauthorised by the acts of Assembly, relative to such issues.

2nd. That even if this were not so, the whole object of this proceeding as to the appellant, the co-executor, have been substantially gratified, and the trial of said issues, as to him, rendered unnecessary and legally improper, by his aforesaid answers and return, and his submission thereby, to any order of the court, might deem it proper to pass, as to the collection of said debt, and the recovery or return of said property.

3rd. That under the altered state of the case, produced by the death of said *David*, and the aforesaid answer and return of the appellant, the former decision of this court was not conclusive as to the right of the petitioners to the trial of said issues, after said occurrences; or as to their right to the trial of them as against the appellant, as the *sole* party defendant.

HANDY and NELSON, for the appellees, insisted:

1st. From all the circumstances of this case, as disclosed by the record of the proceedings, the said appellees and petitioners are legally entitled, as a *matter of right*, to have their issues aforesaid sent to *Baltimore* county court, as a court of law for city business, for trial, against the said *William H. Marriott*, said surviving executor of said *John McKim, Jr.*, and this court *must affirm* the said decree and order of the said orphans court, bearing date the 13th of September, 1848, the same being in compliance with the said decree of this court, passed in this cause, bearing date the 30th of March, 1848, and made a part of this record of appeal.

2nd. This court, by its decree passed in the said former appeal, having directed the said issues to be sent to *Baltimore* county court, aforesaid, for trial, with directions to said orphans court to make the said *William H. Marriott* a party to the said issues, and for such other and further proceedings as might be

just and necessary, the question presented by this appeal is not *now* an *open* question, the same being *res adjudicata*.

MAGRUDER, J., delivered the opinion of this court.

What was decided by the court, on the former appeal between these parties, will appear by the decree then passed, and not by a reference to the points made and argued by either of the parties. This court determined, and could only determine, that so much of the order of the court below "as excluded the said *William H. Marriott* from being a co-defendant in the trial of said issues in said county court, be reversed, and simply directed the said orphans court to make the said *William H. Marriott* a party to the said issues, to be sent and tried in the said county court."

Touching any other matters in controversy between these parties, the court intimated no opinion. It was simply a decision by this court, that in the trial of issues like these, it is usual and proper to make all the executors parties to defend, and in this case the usual practice should not be departed from. It did not, and could not provide for events not to be foreseen; such as the death of any of the persons, by the decree required to be made parties.

The death of *McKim*, the other executor, certainly puts it out of the power of the court below to name the original parties as the parties when the issues are to be tried, to make *Marriott* a co-defendant, as the individual whose co-defendant he was to be, can no longer be associated with him, and especially as this court was bound to know that *Marriott* was, in *interest*, a co-plaintiff.

It is insisted by the appellant, that although it might be proper, while the other executor was alive, to make the appellant a co-defendant, yet, in the trial of the matters now in controversy, (if a trial of them has not become unnecessary,) he cannot, with any propriety, be made sole defendant, if a defendant at all. Surely, in order to decide this simple question, it is not necessary for us to examine all the matters in controversy, which have existed, or may arise between these parties. Is-

sues are to be directed and tried, when the facts in issue must be ascertained before the court can pass any order properly required of it, and when the court is authorised to pass some order grounded in whole or in part upon the facts to be found and ascertained by the trial of the issues.

What is the matter of complaint in this case? Simply that one of the executors (the one now deceased,) was indebted to the testator at the time of his death, and to secure the payment of that debt, had executed a mortgage to the creditor, and that of this debt, and of the property conveyed by the mortgage, no notice was taken by the executors, in their inventory, of the property or lists of debts due to the deceased returned by them to the orphans court. The executors answered, and set forth their reasons for not returning a debt which, as they supposed, had no longer existence. Issues were directed, and the next matter in dispute was, whether *Marriott*, who was an executor, though not the debtor executor, should be a party defendant. Of this question this court has disposed, as stated already. *McKim*, who, by the order of this court, was to be a defendant, has died, and now the question is, who can properly be defendants in the trial of these issues, if, for reasons hereafter to be stated, it be not unnecessary to try them?

It would seem that a trial of those issues is quite unnecessary. If, in the trial of them, *Marriott*, and *Marriott* alone, is to be a party defendant, no verdict which could be rendered, would establish the claim against the estate of *David T. Mc-Kim*, no person having an interest in that estate being a party to the trial.

If it be said that *Marriott* was bound to return the debt before the death of his co-executor, the answer is, that there is now no such question before the court below, such a question can only rise in an action upon his testamentary bond, or in some other form to be instituted elsewhere. If it be contended that the trial of those issues is necessary to enable the court below to decide whether *Marriott* ought not now (and when he is sole executor,) to be directed to make such a return, the an-

swer is, that any such order has become unnecessary, inasmuch as the return has been made by him.

It has been said, indeed, that the return now made is defective, inasmuch as it does not state whether the debt is sperate. The appellant says, and this is no where denied, that he conscientiously believes that the debt does not exist, and he believes that the debt does not exist, and he believes it because the creditor, in his life time, so informed him, and he has seen a receipt in full executed by him. It would be difficult to say of such a debt, that it is either sperate or desperate. The case, indeed, is a very extraordinary one. It is not denied that the debt has been paid. If the creditor is to be believed, he has declared it in conversation, and also in the form of a receipt in full, and it will be a singular issue, if, in the trial of it, each party is to rely on the testimony of the other, to discredit his own declarations. There seems to be a misconception of the order of this court passed on the former appeal, which, it seems to be thought, took from the court below the power, in any respect, to change their order, further than by directing the name of *William H. Marriott* to be inserted in it as a co-defendant. This surely is a mistake. This court has never decided that a trial of those issues is necessary, in order to the correct determination of the matters in controversy between the parties. It has decided nothing, except that *William H. Marriott* ought to be a co-defendant. To make the decree upon the former appeal intelligible, it may be likened to a *procedendo* issued in any other case which directs the court below to proceed in the cause as if no trial had taken place, or any appeal had been prosecuted. Yet no body doubts that, notwithstanding the words of such a writ, the court below, when in possession of the case, can change entirely the issues, may make a new case, can convert an action of slander into an action of trover, or upon a promissory note, and therein is manifested no disobedience to the superior court; so, upon the return of this case to the orphans court, other issues might be found necessary; and if so, might rightfully be added, or the petition might be altered, and this might require, in order to its deter-

mination, other issues to be framed.    Indeed, according to the argument for the petitioners, a change of the issues is necessary, for now the thing of which he complains is not that no return of the alleged claim has been made, but that the return is not in every respect conformable to the act of Assembly.

The truth is, that pending the controversy which gave rise to these issues, the case has been changed, and is like a case sent back by a proceeding, in which, pending the appeal, or in consequence of the decision of the court above, the party impleaded has done everything which he is required by his adversary to do.

It is made known to us, by the parties, that the controversy is between members of the family of *Mr. McKim,* claiming as legatees, and his executors, the former alleging that a debt due from one of the executors to the testator, ought to be returned to the orphans court, and the other relying on *Mr. Mc-Kim's* receipt for the debt.    *Its* genuineness is not questioned, nor is a doubt intimated that the testator, when he executed it, understood its contents.    The truth of the matter alleged by the testator himself, is the only thing denied, and the only question between the parties seems to be, whether this receipt, although it may have been executed by the creditor himself, with a knowledge of its contents, and of his own free will, is to have all the effect which it seems to be admitted it would have had, if, when the creditor signed, he had also sealed it. Without undertaking to decide a question which is not before us, we have stated what it seems the question really is, and will add a reference to 1*st Greenleaf on Evidence, sec.* 305, and the authorities there cited.

The petition which gave *rise* to this appeal, was filed by the appellees on the 19th June, 1848.    It makes known to the court the death of *David T. McKim,* and asks that the issues aforesaid, as framed by petitioners, may be transmitted to *Baltimore* county court for trial, and that *William H. Marriott,* as surviving executor of *John McKim, Jr.,* be made defendant therein.    This petition is answered by *Marriott,* who therein states what he has done since the death of his co-executor.    He has

done that which the original petition required to be done, and, therefore, a trial of the issues is unnecessary. To this, there is a replication which shows that the matter in controversy, and the admissions made by the parties, requires no matter of fact to be astertained, the simple question in the case being whether a receipt in full, given by a father to his son, is *nudum pactum*. It is certainly no question whether the mortgagee can claim both the mortgage debt and the mortgaged premises. If the mortgagee chooses to be satisfied, and acknowledge, by competent testimony, that he has received the debt in full, this is usually treated as an equitable release of the mortgaged premises; and the absence of a formal release, and under seal, certainly, under such circumstances, could not make it the duty of the executors to return the mortgaged premises as a part of the property of their deceased testator, to be distributed among his legatees.

The court below, therefore, in its order of September, 1848, erred in directing *those* issues to be transmitted to the county court for trial, notwithstanding the death of *David T. McKim*, and the return then made by the surviving executors, and that in the trial of those issues, *William H. Marriott, as the surviving executor of John McKim, Jr.*, be defendant. This court will sign a decree reversing the order with costs, and dismissing bill.

DECREE REVERSED.