By the Court.
Sandford, J.
The plaintiffs claim to recover the net proceeds of two cargoes of iron, consigned by W. Malm to the defendants, the one by the brig Christina, the other by the ship Bohemia. The two shipments were distinct and unconnected, and, in some respects, were dissimilar.
This court, several years ago, decided that the plaintiffs were *269 entitled to recover the proceeds of the Christina’s cargo, but were not entitled to recover the proceeds of the Bohemia’s cargo. Each party brought a writ of error, to remove, to the late supreme court, the judgment adverse to them respectively, and the cause came on to be heard before the present supreme court, after it had ceased to be an appellate tribunal to this court. The supreme court affirmed the decision as to the cargo of the Christina, and reversed that as to the cargo of the Bohemia, and our first inquiry is, how far we are to be governed by the decisions thus made ?
It is claimed by the plaintiffs’ counsel, that the present supreme court, having the right to affirm or reverse the former judgment of this court, its judgment is as binding upon this court, in this case, as if it were still an appellate court; while the defendants’ counsel contends that although it might affirm or reverse the particular judgment, yet, as it is only in fact a co-ordinate tribunal, it cannot give the law to this court in this case, any more than it can in a suit commenced, since the change in its appellate jurisdiction.
It is not strictly necessary that we should determine this point, because the opinion of the supreme court furnishes a sufficient and entirely independent reason, for our declining to be governed by its judgment. Owing, undoubtedly, to the immense mass of manuscript in which the facts of the case were buried, that court assumed, as a basis for its decision, a state of facts materially different from that actually presented by the case. The great advantage afforded to us by the printing of the voluminous correspondence which was put in evidence, and the more full argument of counsel, enables us to perceive, in the plainest manner, the errors alluded to- And whatever may be the proper rule as to our following the decision of the present supreme court in a prior suit, as to the principles of law involved, it cannot be seriously urged, that we are bound to follow its decision, when plainly erroneous as to the facts that were established in the suit. The erroneous facts assumed in the opinion delivered in this case, are such, that it is impossible for us to know what would have been the decision of the court on the facts as they now appear. We must therefore decline to adojjt it as a controlling decision.
*270 In the next place, how are we situated in regard to the judgment heretofore pronounced in our own court ?
Although it is not res adjudicata, so as to constitute an estoppel or bar between the parties, we think it is the duty of the court to adhere to its decisions, deliberately made, until they are overruled by a higher tribunal, unless, indeed, it be made to appear that such decisions are palpably erroneous.
In this case, so far as the cargo of the Bohemia is concerned, we were fully satisfied, on the argument, that the former decision of this court was right. It was a voluntary shipment by Malm, not growing out of, or in any manner connected with, the previous shipments. It was not only not pre-arranged, but it was also unexpected. No advice was communicated to the defendants that the plaintiffs had advanced to Malm, or accepted his bills for that cargo, until after Malm’s failure to remit the proceeds of the defendants’ cargo of sugar, in 1836. It was, in short, an isolated consignment to the defendants, with instructions to remit to the plaintiffs, as the consignor’s agents or bankers. Whatever was the private understanding, or the actual state of affairs, between Malm and the plaintiffs, as it was not notified to the defendants, they had all the usual rights of factors, in respect of this' shipment, and the plaintiffs had no lien upon it, as against the defendants' claim for their general balance against the consignor.
As to the cargo of the Christina, it may be true, as the counsel of both parties seemed to agree, that in principle and in fact, it does not differ from the case of' the Bohemia, but this court, on the former argument, held otherwise, and we do not feel at liberty to review that decision. It is very clear that the point is not so plain or palpable, as to bring the case within the exception we have laid down on that subject. One or more of us would be inclined, if the matter were open for examination, to adopt a different conclusion ; but having been once decided here, we cannot recall the conclusion then formed.
The verdict and judgment must be adjusted accordingly, giving judgment in favor of the plaintiffs, for the Christina’s cargo,, and against them, for that of the Bohemia-
Judgment accordingly.