MOODY B. STEWART et al. *vs.* ROBERT SWANZY et al.

In general, foreign laws are required to be verified by the sanction of an oath; but when the law is written, it may be proved by an exemplification under the great seal of the state, or by a copy proved to be true by a witness who has examined and compared it with the original, or by the certificate of an officer properly authorized by law to give a copy; but foreign unwritten laws, usages, and customs, may be proved by parol. *Held,* that it is competent to prove, by a witness, matters of usage and practice in the courts of other states; and copies of printed statutes of other states, purporting on their face to be printed by authority of the states from which they come, may be read to show what the law is; and the fact that they purport to have been published by authority, is *primâ facie* evidence of the fact.

The act of Congress on the subject of authenticating records, requires the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the attestation is in due form. *Held,* the certificate to the record in this case is not in due form, and does not comply with either of these requirements, and ought not to be admitted under the act.

By the common law foreign judgments are authenticated: 1st. By an exemplification under the great seal of the state. 2d. By a copy, proved to be a true copy by a person who has examined and compared it with the original. 3d. By a certificate of the officer authorized by law to give a copy. *Held,* that the copy of the will in this case was not authenticated to authorize it to be read under either of the above provisions.

On appeal from the vice-chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently contained in the opinion of the court.

*Wm. P. & J. F. Jack,* for plaintiffs in error.

*George L. Potter,* for defendants in error.

*Christian,* on the same side.

Stewart et al. *v.* Swanzy et al.

Mr. Justice YERGER delivered the opinion of the court.

This case was before this court at the January term, 1849, and it was then held, that under the will of James Thompson, made in South Carolina, in 1825, the complainants were entitled to the property in the proportion claimed by them in the will. But the case was reversed, because the copy of the will from South Carolina was not authenticated in such a manner as to authorize it to be read in evidence in the courts of this state. On the last trial before the vice-chancellor, there was no other or different authentication of the copy, than the one heretofore deemed insufficient by this court. That certificate was given by the judge of the court instead of the clerk, who was pronounced to be the proper officer to make it. To remove this objection, the deposition of J. T. Harrison, who had been for years a practising attorney in South Carolina, was taken. He proved, that the judges of the courts of ordinary in that state acted in the two-fold capacity of judges and clerks, there being no other clerks of these courts. There was also read from printed statutes of South Carolina, purporting to be published by authority of that state, certain laws, giving to the courts of ordinary in that state, the probate of wills, and authority to grant letters testamentary and of administration. From one of those statutes it appears, that " Exemplifications of wills under the hand of the ordinary and seal of the court in which such will may have been admitted to probate, or under the hand and seal of any other officer who has legal possession of the same, shall be admissible in any of the courts of law or equity in that state, provided the party intending to use it, shall give the opposite party sixty days' notice of such intention before the trial." The vice-chancellor rendered a decree in favor of complainants, and the defendant has appealed.

Three errors are relied on to reverse the decree.

I. Harrison's deposition was incompetent to prove the fact, that the judge of the court of ordinary acted also as clerk.

II. It was error to admit the printed laws of South Carolina as evidence, without proof that they were published by authority.

III. It was error to admit the copy of the will as evidence, or the certificate appended to it, without further proof of its correctness.

1. In relation to the first point, we may remark, that, in our opinion, the deposition of Harrison was competent for the purposé intended. In general, foreign laws are required to be verified by the sanction of an oath; but where the law is written, it may be proved by an exemplification under the great seal of state, or by a copy proved to be true by a witness, who has examined and compared it with the original, or by the certificate of an officer properly authorized by law to give a copy, which certificate itself must be duly authenticated. But foreign unwritten laws, usages and customs may be proved, and indeed must ordinarily be proved by parol. Greenleaf on Ev. § 488. In this case the deposition of Harrison was only intended to prove the fact, as a matter of usage and practice in the courts of ordinary in South Carolina, that the Judges of that court acted in the two-fold capacity of judge and clerk, there being in fact no other clerks in said courts. For this purpose we think it was competent.

2. We do not think it was error to admit as evidence a copy of the printed statutes of South Carolina, which purported to be printed by authority of that state. We believe that our statute of March 2, 1833, Hutch. Code, 868, was passed with a view of admitting such copies as evidence. To require a party to prove that the statutes were printed by authority would be to introduce all the inconvenience in practice which this law was intended to obviate. In making this decision, we do not mean that such copies are conclusive evidence; but, in our opinion, the fact that they purport to have been published by authority is sufficient *primâ facie* evidence of that fact; such has been the decision by the courts of many other states. Greenleaf on Ev. § 489, and cases referred to.

3. This brings us to the consideration of the third error assigned. We do not think the proof in this case has supplied the defects in the certificate, or authentication of the copy of the will heretofore held by this court, sufficient to exclude its introduction or evidence.

Stewart et al. *v.* Swanzy et al.

The act of congress on the subject of authenticating records, requires the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the attestation is in due form.   On inspecting the certificate in this case, it is manifest that it does not comply with these requisitions, and it cannot, in our opinion, be admitted under this act.   It is said the clerk and judge were the same person, and therefore that it was not necessary to comply with these forms or requirements.   We cannot assent to this view, If the party seeks to avail himself of the benefits and provisions of a law, he must bring himself within its requirements. We concur in the opinion expressed by the courts in Vermont, Connecticut, and Alabama, that in those states where courts of record are established, in which the judge acts in the twofold capacity of judge and clerk, copies from the records may be authenticated under the act of congress, provided the forms of the act are complied with ; and if, after attesting the correctness of the copy of the record in this case, the judge of the court of ordinary had certified that he was the clerk and also the presiding judge in that court, that there was no seal of the court, and therefore he had used his private seal, and that the attestation was in due form, we think it would have been admissible.   5 Day, 363 ; 6 Verm. 580 ; 8 Porter, 311 ; 2 Alab. N. S. 311 – 313.

Inasmuch, then, as the party has not brought himself within the requirements of the act of congress on this subject, the remaining question for our consideration is, whether the copy of the will could have been read according to the rules of the common law.   For if so, we think it was admissible.   By the common law foreign judgments are authenticated —

1. By an exemplification under the great seal of state.

2. By a copy, proved to be a true copy, by a person who has examined and compared it with the original.

3. By the certificate of an officer authorized by law to give a copy, which certificate itself must be properly authenticated. *Church* v. *Hubbart*, 2 Cranch, 237 ; 6 Wend. 475.

On looking at the record, it will be seen that the copy of the

will in this case was not authenticated so as to authorize it to be read under either of the above provisions. For this reason we are of opinion, that the decree of the vice-chancellor should be reversed, and the cause remanded for further proceedings. It is insisted that on reversing this case, we should dismiss the bill. We do not think so. The affidavit of Christian in the case, in our opinion, would have fully warranted the vice-chancellor to remand the case to the rules, in order that the copy of the will might be duly proven, and as the merits of the case upon sufficient proof of the copy have been decided to be with complainants, we do not think the principles of equity require us on reversing to dismiss the bill. If we did dismiss it, the order would be without prejudice, thus authorizing a new suit, so that no benefit would be likely to accrue to the defendant therefrom, and the complainants, who are minors, would be taxed with unnecessary and useless costs.

Let the decree be reversed, and the cause remanded for further proceedings.