## STEPHEN and JAMES MEAD *vs.* ISRAEL MEAD, JR.

Where the decision of a surrogate, admitting a will to probate, has, on appeal, been reversed, on the ground that the evidence before him was not sufficient to justify it, this will not prevent the surrogate from trying the question of the valid execution of the will, a second time.

Where, upon such second hearing, before the surrogate, the same witnesses who were examined on the former application, are called, and testify to facts and circumstances different from what they before swore to, their testimony will be liable to the suspicion that the witnesses may have been tampered with; and the circumstances will furnish strong grounds for suspecting the strict fidelity of their statements.

But whether the witnesses should be rejected as unworthy of credit, or not, is a matter within the discretion and sound judgment of the surrogate; and after he has decided in favor of their credibility, the supreme court on appeal will not reverse his decision on the ground of his misjudgment in that particular, unless his error is undoubted and palpable.

THIS was an appeal from a decision of the surrogate of the county of Cayuga, admitting to probate an instrument purporting to be the last will and testament of Israel Mead deceased.

*P. G. Clark,* for the appellants.

*George Rathbun,* for the respondent.

Mead *v.* Mead.

*By the Court*, JOHNSON, P. J.   The first ground for reversal insisted on is, that the surrogate had no power to try the question of the valid execution of the will a second time, he having once tried it, and his decision on appeal having been reversed.

The surrogate, on a former trial, admitted this will to probate, and this court reversed his decision upon appeal, on the ground that the evidence before him was insufficient to prove its valid execution by the testator.   As no issue was ordered, upon the reversal, it must have been determined as a question of law.   It was then the duty of the surrogate to annul and revoke his record, or probate, if he had made any.   It is urged by the appellants' counsel that the surrogate's court being one of special and limited jurisdiction, that officer has no power to retry the question after a reversal of his decision.   But I do not see how the question of jurisdiction properly arises.   It is not denied that questions of this character are peculiarly subjects of his jurisdiction, as original questions.   And why is not this second trial of the same question an original hearing, to all intents and purposes, under the circumstances ?   His decision on the former trial had been appealed from and reversed, on the ground that the evidence before him was not sufficient to justify it.   The case stands then as though there had been no trial—no hearing.   The record, if any has been made, is expunged.   There is no determination in regard to the matter, but the judgment of reversal by the appellate court.   The will stands as though it had never been proved, and the surrogate is the only officer before whom its validity can be established for the purposes of probate.   I do not see but the case falls directly within his jurisdiction to hear proof and determine in regard to the valid execution of wills. It would be a grievous hardship to hold that such a reversal was conclusive as to the invalidity of the will, and thus cut off devisees and legatees from all the benefits they were entitled to under it, when they might establish its validity beyond controversy by other and additional evidence.   It is a new trial, to all intents and purposes, and not a mere review.   It is clear that a surrogate cannot review his own judgments or decrees and grant new hearings, nor try the same question when a former decree

remains still in force. But that is not the question here. The former trial and decree have been wiped out, and are as though they had never been. But the judgment by which they are annulled does not in the least, that I perceive, affect the jurisdiction of the surrogate. It is so in regard to all other inferior tribunals, and I can perceive no reason why the surrogate's court should be excepted from the general rule.

The question remaining is, whether the surrogate should have rejected the testimony of the witnesses before him, as unworthy of credit. It is quite clear, that on this trial before the surrogate, there was sufficient evidence to justify his order, if it was worthy of credit. It is clear that the witnesses have testified to facts and circumstances different from what they did on the former hearing. Their testimony is liable therefore to the suspicion, which arises in all such cases, that the witnesses may have been tampered with. It is to be observed, too, that there are no additional witnesses; they are the same individuals who were examined and testified on the former occasion. And it sufficiently appears that they were all made aware of the points wherein their former testimony was defective. It must be admitted that these are all strong grounds for suspecting the strict fidelity of the statements. But whether they should be rejected as unworthy or not, depends upon the exercise of a sound judgment and discretion in the tribunal whose province it is to pass upon it. It does not follow that because it is liable to suspicion it is certainly to be rejected.

This court is not concluded by the judgment of the surrogate upon the credibility of the evidence ; but we should not undertake reverse on the score of his misjudgment in that particular, unless his error was undoubted and palpable. The witnesses were before him ; he had an opportunity of seeing them, witnessing their demeanor, and judging of the candor and sincerity of their explanations, and was in a far better situation to judge accurately than we can be, from the papers. The facts were of a nature which the witnesses may, from inattention to the subject, and ignorance of their importance, have honestly forgotten at one period, and upon more mature reflection have remembered at

another. I do not think, therefore, that we should be justified in reversing the surrogate's decree on this ground alone.

The decree of the surrogate must therefore be affirmed, with costs of appeal.

[MONROE GENERAL TERM, September, 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]