Gale *v*. Butler.

---

CLARK GALE *v*. R. BUTLER, JR.

[IN CHANCERY.]

*Appeal. Chancery. Costs. Practice.*

An appeal from the decree of a chancellor to the supreme court vacates the decree, both as to the merits of the case, and the costs.

When a cause is remanded from the supreme court to the chancellor, it is the latter's duty to conform his decree to the judgment of the supreme court, so far as they have adjudicated the cause; but if no direction has been given as to an incident of the decree, like costs, it is his duty to determine it.

And if in his judgment justice requires that some further proceeding should be allowed in the cause, it is within the chancellor's power to allow it to be had.

POLAND, CH. J.    The orator in this case has appealed from the decree made by the chancellor, apportioning the costs of the cause between the parties, claiming that the decree should have been in his favor for his full costs.

As we understand the case, the orator originally obtained a

decree in his favor to the full extent he claimed in his bill, and for his costs, and the defendant appealed from that decree. The supreme court held that the orator was entitled to have a decree as to one portion of his claim, but was not entitled to a decree upon another, and the larger part, and for which he had obtained a decree. The supreme court therefore reversed the decree of the chancellor, and remanded the case, with directions to enter a decree for the orator for a part of his claim only, but the mandate contained no directions as to what should be the decree as to the costs.

The chancellor directed the costs to be apportioned upon the basis that the orator should recover all his costs, made in prosecuting that part of his case upon which he ultimately prevailed, but denying him his costs made in attempting to enforce the claim in which he had failed, and allowing the defendant, against the orator, his costs made in defending against the same. This was manifestly the just and equitable rule between the parties, and the orator does not claim the contrary, or even that the court should revise it at all, provided the chancellor had any power to apportion the costs.

But the orator claims that as he obtained a decree for all his costs originally, and the mandate from the supreme court gave no direction as to costs, the former decree remained untouched, and in force, as to costs, and that the chancellor could not, on the case being remanded, proceed to vary the former decree as to the costs; that he had no legal authority so to do.

This objection is manifestly without any just foundation. The appeal from the original decree vacated and annulled it, as much as an appeal vacates the judgment of a justice of the peace, and the decree for costs equally with the decree on the merits. If this were not so, the reversal of the decree in the supreme court would have that effect, so that it cannot properly be said that the decree as to costs remains in force. As the supreme court gave no direction to the chancellor as to how he should decree costs, the defendant could with more show of reason claim that none should be allowed, than the orator, that he retained the old decree for the whole.

Gale *v.* Butler.

In all such cases, when a decree is reversed, and the case remanded, with directions to enter a different decree upon the merits, and no directions given as to how costs shall be decreed, it is understood the chancellor is to decree costs according to equity, in his sound discretion, and as may be just in the altered state of the decree on the merits. It is not unusual, in such cases, in returning cases in this condition, to leave the question of costs untouched, as a chancellor can generally better ascertain and determine what is just and equitable in that respect, than can the supreme court sitting *in banc* to hear it on appeal. The notion, that on the remand of a case from the supreme court, the power and duty of a chancellor over the case is a mere ministerial one, to register the mandate of the supreme court, and that he has no other, is quite too narrow. It is his duty to conform his decree to the judgment of the supreme court, so far as they have adjudged, but if no direction has been given as to an incident of the decree, like the costs, it is his duty to determine it.

So if in his judgment justice requires that some further proceeding should be allowed in the case, it is within his power to allow it to be had, as was decided by this court at the last general term, in *Barker & Haight et al.* v. *Vermont Central R. R. Co. et al.*

Decree affirmed.