## ELIZABETH HANSERD *v.* W. B. GRAY et al.

1. CHANCERY — PRACTICE — AMENDMENT — POWER TO ALLOW AMENDMENT OF ANSWER AFTER FINAL HEARING, APPEAL AND REVERSAL. — After a case has been finally heard in the chancery court and decided, and on appeal the decree of the chancellor is reversed and the cause remanded, the chancellor still has the power to allow an amendment of the answer on such a showing as relieves the applicant from the imputation of laches, and convinces the chancellor that the amendment is necessary to the ends of justice.

2. SAME — CASE CITED. — The case of Holmes v. McGinty is cited, and declared to be distinguishable from this.

APPEAL from the chancery court of De Soto county. VANCE, J.

The facts of this case are clearly and fully shown by the arguments of counsel and the opinion of the court.

*White & Chalmers,* for appellant.

The agreed record in this case, which will be found on file and which is very short, will be taken as the abstract of both parties.

From this it will be perceived that this is a very ancient and protracted litigation, and that, after it had been definitively settled, as was supposed, and the rights of all parties finally adjudicated, defendant Gray was allowed, by the court below, to file an amended answer by which he set up new matter ; changed the whole basis of his defense ; made a new and different issue, and succeeded, finally, in reversing and overruling, in the court below, the decision of the high court of errors and appeals rendered in the same suit.

We respectfully submit that this was a gross abuse of the discretion as to amendments with which the chancellor was clothed.

It is a cardinal and primary rule of all systems of law that there must be some end of litigation, and that a party cannot be permitted to try his case by piece-meal.

In the case at bar Gray had made an elaborate and protracted defense. The case had been tried by the high court, and, after it had·been finally decided against him in that

tribunal, and was merely remanded to the court below to be wound up in accordance with the principles established, he was permitted to go back and amend his original answer and set up an entirely new defense.

The only reason alleged for this is, that the lawyer, who had been sent by him to Tennessee to procure some records, had failed to obtain complete transcripts. We respectfully submit that this was wholly insufficient. The act or omission of his lawyer was his act or omission, and binding on him as such. It constitutes no sort of excuse for his failure to set up his defense before. In support of his right to file his amended answer, the case of Wailes v. Johnson, 25 Miss., is urged. The case is very meagre and we doubt its soundness. We have taken the pains, however, to examine the old original papers in the case, as the same remain on file among the musty records of this court. By so doing it will be discovered that Cooper, the party who made the application in that case, stated, in his amended answer, that the ground of defense, which he then set up, was first discovered, and that he had before that time had no sort of clue to their existence nor suspicion of their truth.

There is no such allegation in the case at bar. On the contrary, in the very nature of things, Gray must necessarily have known of the division of the negroes which had taken place in Tennessee, and which is the fact set up in the amended answer. It was almost impossible for him not to have known it. At all events he does not allege that he did not. His sole ground for his laches is the blunder of his lawyer. By this blunder he is of course bound.

The case, then, does not stand upon the same footing as that of Wailes v. Johnson, but is a naked attempt to mend and set up a new defense after the case has been lost upon the original one. As such it was error to permit it, for which it must be reversed.

*William Yerger* and *Walter & Scruggs*, for appellees.
The agreed record in this case is a slender one. It and

the assignment of errors present just one single point. After this court had reversed the decree of the court below and remanded the case for further proceedings in the court below, can the court below permit an amended answer to be filed? The amendment was permitted, and this is the case assigned for error.

This court held in the case of Tanner v. Hicks, 4 Smedes & Marsh. 300, that the granting or refusing amendments is a matter resting in the sound discretion of the chancery court, with which this court never interferes. Amendments in chancery are allowed with great liberality. Coddington v. Mott, 1 McCarter (N. J.), 430. These amendments granted with great liberality in any stage of the proceedings. 17 Cal. 285. But the very point raised in this case was decided in the case of Wailes v. Johnson, 25 Miss. 421, and has also been decided in other similar cases in other states. See Lee v. Unger et al., 1 Rawle, 22; Van Dyke v. Van Dyke, 4 How. (U. S.) 1; Insurance Co. v. Scott, 6 Cow. 606.

In addition to the foregoing decisions, we refer the court to the remarks of Judge Story upon the subject of the amendment of answers, in which he lays down the rule that the amendment of answers, like all other pleadings in equity, is a matter addressed at all times to the sound discretion of the court. Where the amendment is intended to set up new facts dependent upon parol evidence entirely, the courts with reluctance admit amendments. "But where the new facts sought to be introduced are written papers or documents, which have been omitted by accident or mistake, there the same reason does not apply in its full force, for such papers and documents cannot be made to speak a different language from that which originally belonged to them. The whole matter rests in the sound discretion of the court. We should be sorry that it should be supposed that the court had no authority to grant leave to file an amended answer, wherever it was manifest that the purposes of substantial justice required it." Again, he says, "Where the party relies upon new facts, which have

come to his knowledge since the answer was put in, or where it is manifest that he has been taken by surprise, or where the mistake or omission is manifestly a mere inadvertence and oversight, there is less reason to object to the amendment than there is where the whole bearing of the facts and evidence must have been well known before the answer was put in." Story's Eq. Pl., § 896, note 9 ; Smith v. Babcock, 3 Sumn. 583.

In the present case the proposed amendment consists of matters of record. It is therefore free from the objection that it is dependent upon parol, and therefore liable to be established by proof manufactured for the occasion. The facts, too, have come to the knowledge of defendant after the original answer was filed. He shows due diligence, too, in the whole case. Before filing his original answer, he sent an attorney to Tennessee to examine the records, and procure him a transcript ; but, in consequence of the court-house having been lately burned, the papers were scattered and lying loosely about, and he was consequently able to obtain what turned out to be only a partial transcript, and on this the original answer was prepared. Since that time the papers have been collected together and a full transcript has been obtained, showing not only the construction of the will in Tennessee, but also a distribution of the property by the chancery court of Tennessee, in accordance with that construction. Substantial justice requires that this amendment should be made. To refuse it would deprive a party of his unquestioned rights by a casualty over which he had no control, and from causes not in his power to prevent. The chancellor allowed the amendment, which was a matter resting in his sound discretion, and this court will not reverse, although it may be of opinion that he was not clearly right, unless it should also be of opinion that he was clearly wrong.

SIMRALL, J.:

The only point arising on the agreed record is, whether

the chancery court erred in permitting Gray, the defendant, to amend his answer. It is necessary to the ends of justice that the disputes and differences which are referred to the courts for settlement should be presented on their merits. It is, therefore, enjoined by the Code, and allowed in the practice of the courts, that amendments should be made on the most liberal terms; not, however, so as to encourage delay, laches or negligence. The subject rests in the sound discretion of the court, and is not the subject ordinarily of review. 4 Smedes & Marsh. 300. In Holmes v. McGinty et ux., recently decided, we held that, after a case had been heard finally on its merits, and appeal taken to this court, which remanded the cause to the chancery court, directing what decree should be rendered, it was improper to allow the defendant to file an amended answer and cross-bill setting up new matter well known at the time the original answer was put in. This would encourage negligence and laches to an inadmissible degree. Such applicant must show accident, surprise or newly discovered facts, or new and unimpeachable evidence of them, which before were unknown or could not, with ease, have been found out. That case turned on its peculiar circumstances. In Wailes v. Johnson, 25 Miss. 422, it is said that, after the case has been remanded from the high court of errors and appeals, the chancellor has still power to allow amendments. After the case has been finally heard, and the decision of the chancellor tested on appeal, it should require such showing in order to let in amendments as relieves the party from the imputation of laches, and as convinces the conscience and judgment of the chancellor that it is necessary in order that justice may be done. Does Gray bring himself within this rule? The litigation arose out of the will of David Bridgeford, late of Giles county, Tennessee. It was transferred to this court, and is reported in 39 Miss. 140, where it was held, that Gray could not protect himself against the claim of the complainants, unless he could show that there had been an execution of the decree of the chancery court

of Giles county, Tennessee, by an actual partition of the property.

Gray states in his affidavit that he married in this state, and had no personal knowledge of the suit or what had been decided in it, in the Tennessee court, and, in order to prepare his original answer, he sent an able attorney to Giles county, Tennessee, in order to procure a transcript of the papers in the suit there. That, in consequence of a fire, the papers were scattered and in confusion, and only a partial transcript could be procured; that, after the decision by the high court of errors and appeals, he made a second effort to procure a full record from Tennessee, and then for the first time learned that a decision had been made under the decree. His amended answer embodies this new matter, and was tendered at the first term of the court after the receipt of the mandate of the appellate court. It is manifest that great injustice would be done the defendant if he were cut off from this defense. He shows, also, diligence in gathering up the facts that constitute his defense. If full copy of the proceedings in Tennessee could have been obtained, when he first applied (as might have been but for the casualty of the fire) he would have been guilty of negligence in not procuring it. His second application put him in possession of a fact not before known essential to his defense, and, at the first moment after learning it, he brought it to the notice of the court and opposing counsel. This is very distinguishable from the case of Holmes v. McGinty. We think that the chancellor did right in allowing the amendment.

*Decree affirmed.*