Gilmore v. Tuttle.

AMELIA L. GILMORE

*v.*

GEORGE F. TUTTLE, trustee &c.

A trustee had been decreed to be personally liable for certain losses sustained by the trust estate through his negligence. On a reference to ascertain the extent of his liability, the master reported an amount which was based on the estimate of a particular witness, and his report was sustained by this court. On appeal, however, the estimates of another witness before the master, which reduced the trustee's liability, were preferred, and, the decree having been reversed therefor, the matter was again referred to the master for a new report. On exceptions to such new report—*Held*, that this court was not, under the circumstances of the case and in this case, bound, in executing the decree of the court of appeals, to regard the directions of that decree as absolute, and to be followed implicitly and literally, without any manner of discrimination, but that they were to be considered rather as directions to guide this court in establishing the extent of the trustee's liability.—*Held*, further, that the trustee was entitled to commissions.

Bill for relief.   On exceptions to master's report.

25

*Mr. J. W. Taylor*, for the exceptions.

*Mr. R. Wayne Parker*, contra.

THE CHANCELLOR.

By the decree made in this cause on the 29th of May, 1880, it was adjudged that the trustee was accountable, in equity, not only for the moneys actually received by him but also for the value of the lands conveyed by him, as mentioned in the ninth paragraph of the bill; that value to be reckoned at what the lands were worth at the time of such conveyance, with interest thereon from that time. He did not secure proper payments for those lands, but accepted therefor the second mortgages taken by him, which proved worthless. It was also ordered that it be referred to a special master to take and state the accounts of the trustee, and that the master charge the trustee in the account with the value of the lands and interest, according to that adjudication. The lands referred to were lots sold and conveyed by the trustee to Amelia B. Gilmore, by three deeds, one dated May 15th, 1871, for lots numbered from 14 to 22, including both of

NOTE.—As to the conclusiveness of the decision of an appellate court on the inferior one, see *Dodge* v. *Gaylord, 53 Ind. 365,* which refers to many American cases; also, *Dodd* v. *Astor, 2 Barb. Ch. 395; Haskell* v. *Raoul, 1 McCord's Ch. 22; Lyon* v. *Merritt, 6 Paige 473; Henry* v. *Davis, 13 W. Va. 230.* And the decree must be enforced even where it was for the first time discovered, after the remand, that the inferior court had no jurisdiction, *Sheller* v. *May, 6 Cranch 266; Watkins's Case, 3 Pet. 193; Washington Bridge Co.* v. *Stewart, 3 How. (U. S.) 413; Williams* v. *Bruffy, 102 U. S. 255; Mims* v. *Sturdevant, 36 Ala. 636; Cunningham* v. *Ashley, 13 Ark. 653; Clary* v. *Hoagland, 6 Cal. 685; Semple* v. *Anderson, 9 Ill. 546;* or the court made a palpable mistake in calculating the amount of the decree, *Price* v. *Campbell, 5 Call 115, 3 Munf. 227;* see *Tatum* v. *McLellan, 56 Miss. 352;* or a survey directed to be made was impossible, *Brown* v. *Crow, Hardin 443.*

Nor can the chancellor, *before* entering the mandate as directed by the court of appeals, suspend by injunction his own powers to act in obedience to it, *Watson* v. *Avery, 3 Bush 635;* nor add to a decree for specific performance for the conveyance of lands that the defendant also account for the previous profits thereof, *White* v. *Atkinson, 2 Call 376;* and make restitution, *Hughes's Appeal, 90 Pa. St. 60;* see *Mackall* v. *Richards, 5 Sup. Ct. Rep. 170;* nor quash an execution issued against an administrator, on the ground that he was not in fact

Gilmore v. Tuttle.

those numbers; another, dated August 28th, 1871, for lot No. 23, and the third, also of that date, for lots numbered from 2 to 11, including both of those numbers. The consideration mentioned in the first-mentioned deed was $6,472.76. On account and as part of that price, the trustee obtained a house and lot for the complainant, $3,700 of the cost of which were paid out of that consideration, and he also received a good mortgage of $1,000. The rest of the price was lost through the default of the trustee. The master, by his report, which is dated October 18th, 1880, charged the trustee with the sum of $5,490 as the value of the lots conveyed by the last-mentioned deed at the time of its date, May 15th, 1871, instead of the amount, $6,472.76, mentioned in the deed as the consideration, and credited him with the $3,700 and $1,000, and, as the result, charged him with the balance, $790. He also charged him with $550 for the value of the lot conveyed by the first-mentioned deed of August 28th, 1871, and $7,700 for the value of the property conveyed by the other deed. These valuations were those which were given by Aaron Quimby, a witness before the master. The master adopted the valuations of this witness as to all the property in question.

an administrator when the decree and execution were entered against him by the court of appeals as such, *Henderson* v. *Winchester, 31 Miss 290;* nor refuse to appoint two executors because one of them has died since decree rendered, *Pacheco's Case, 29 Cal. 224;* see *Rogers* v. *Paterson, 4 Paige 409; King* v. *Clarke, McMull. Eq. 48; Kee* v. *Kee, 2 Gratt. 116; Nicholson* v. *Jennings, 31 La. Ann. 328; Bank of Virginia* v. *Craig, 6 Leigh 399;* nor admit new testimony, *Miner* v. *Medbury, 7 Wis. 100; Gunter* v. *Laffan, 7 Cal. 588; Lyon* v. *Merritt, 6 Paige 473; North Car. R. R. Co.* v. *Swepson, 73 N. C. 316;* nor retry the cause, *Soule* v. *Dawes, 14 Cal. 247;* see *Adams* v. *Field, 25 Mich. 16;* nor award a new inquiry as to damages, *Holley* v. *Holley, 5 Litt. 290; Winchester* v. *Grosvenor, 43 Ill. 515;* nor amend the decree by adding thereto a party made necessary by the marriage of one of the original parties *pendente lite, Quackenbush* v. *Leonard, 10 Paige 131;* see *Moss* v. *Rowland, 3 Bush 505; Wilson* v. *Hamilton, 9 Johns. 442; Exchange Bank* v. *Knox, 19 Gratt. 739;* nor dismiss the bill without prejudice where the decree was to dismiss it for want of equity, *Wadhams* v. *Gay, 83 Ill. 250;* see *Mohler* v. *Wiltberger, 74 Ill. 163;* nor modify its own decree, which had been affirmed, by altering the amount decreed to one of the parties, *Murrill* v. *Murrill, 90 N. C. 120.*

If a cause be sent back for a further account, so much of the account as was

They amounted, altogether, to $13,740. The report was, upon exceptions, confirmed on this point. The cause went, upon appeal, to the court of errors and appeals, which reversed that part of the decree of this court which established the valuations of the master, and adopted instead thereof the valuations of William B. Smith, another witness before the master.

By its decree dated April 17th, 1883, it adjudged that the value of the lands in question, at the time of the conveyance thereof, was $5,332, and that the trustee should be charged in his account with that sum as the value of the lands at that time, instead of the sum of $13,740, and that the decree of this court to the extent that the same charged, or was based upon charging, against the trustee more than the sum of $5,332, as the value of the lands at the time they were conveyed, be reversed. That decree was made the decree of this court, and another order of reference was made in this court September 25th, 1883. Under the latter order, the master has restated the account in accordance with the directions of the decree of the court of errors and appeals, as he understands them. As to the conveyance of May, 1871, he charges the trustee with nothing, seeing that the trustee

reported prior to the decree need not be re-proved, *Henshaw* v. *Freer, Bail. Ch. 311.*

After the lower court has been ordered to dismiss a bill, its decree of dismissal cannot be assigned for error, although the appellant had, theretofore, presented a petition to remove the cause to the federal courts, *Boggs* v. *Willard, 70 Ill. 315; Akerly* v. *Vilas, 24 Wis. 165; S. C., 2 Biss. 110, 3 Biss. 332; Kingsbury* v. *Kingsbury, 3 Biss. 60;* see *Mong* v. *Bell, 7 Gill 244; Bryant* v. *Rich, 106 Mass. 180; Hall* v. *Ricketts, 9 Bush 366; Dart* v. *Walker, 4 Daly 188; Waggener* v. *Cheek, 2 Dill. 560; Sneed* v. *Brownlow, 4 Coldw. 253; Chandler* v. *Coe, 56 N. H. 184; Brayley* v. *Hedges, 53 Iowa 582; Yulee* v. *Vose, 99 U. S. 539.*

In *Snowhill* v. *Snowhill, 1 Gr. Ch. 30,* a demurrer to a bill allowed by the chancellor was reversed by the court of appeals, and the cause remanded.— *Held,* that the defendants were not thereby precluded from relying on any new matter set out in their answers, which was not in the bill; see *Pierson* v. *David, 1 Iowa 23; Forbes* v. *Tuckerman, 115 Mass. 115; Trego* v. *Skinner, 42 Md. 426.* But the questions decided on the demurrer cannot be raised again, *Smith* v. *Elder, 14 Sm. & Marsh. 100; McNairy* v. *Nashville, 1 Tenn. Ch. 123.*

In a proper case the lower court may change the issues or allow others to be added, *Marriott* v. *Handy, 8 Gill 31; Trinity Co.* v. *McCammon, 25 Cal. 117;*

Gilmore v. Tuttle.

received for it $4,700 (in the house and lot and mortgage), and the valuation, according to Smith's estimate, would not be more but less than that sum, viz., $2,682. He charges him with the value of the other properties (conveyed by the deeds of August, 1871) according to Smith's estimate. The trustee excepted to the report on the ground that, by the decree of the court of errors and appeals, the valuation of the whole of the property, including that conveyed in May, 1871, was to be according to the estimate adopted and fixed by that court, and his counsel insists that the proper way to state the account under that decree is to charge the trustee with the values according to that estimate, and credit him with the $4,700. It will be seen that this method would charge the trustee with only $2,682 for the price of a property for which he actually realized $4,700, and would give him credit on the valuations chargeable against him for the properties conveyed in August, for $2,018 of the purchase-money, actually received for the property conveyed in May. I am satisfied that the court of errors and appeals did not intend that the account should be so stated, and unless the decree is so clear and positive in its directions to state the account in that way as to leave no

---

*Taylor* v. *Wright, 54 Miss. 722;* see *Hurck* v. *Erskine, 50 Mo. 116.* If no direction has been given as to an incident of the decree, as costs, the chancellor may determine that, *Gale* v. *Butler, 35 Vt. 449; Brown* v. *Lee, 50 N. Y. 427;* see *McGregor* v. *Buell, 1 Keyes 153; Sheridan* v. *Andrews, 80 N. Y. 648;* or allow such further proceedings in the case as, in his judgment, justice requires, *Barker* v. *Vermont R. R., 35 Vt. 451;* or award a decree and execution that the defendant convey a moiety of the lands in dispute to the complainant, where the court of appeals had merely decided that the latter was entitled thereto, *Logan* v. *McNitt, Litt. Sel. Cas. 119;* or disregard the appellate court's finding as to *facts,* which is plainly erroneous, *Reynolds* v. *Davis, 5 Sandf. 267;* see *Wells* v. *Amer. Ex. Co., 55 Wis. 23;* or retry the question as to the valid execution of a will, where the former decision admitting it to probate has been reversed for insufficiency of evidence then before the lower court, *Mead* v. *Mead, 18 Barb. 578;* see *Stewart* v. *Swanzy, 12 Sm. & Marsh. 684, 23 Miss. 502; Hylton* v. *Hylton, 1 Gratt. 161;* or allow amendments to the pleadings in order that justice may be done, *Rugley* v. *Robinson, 19 Ala. 404; Chickering* v. *Failes, 29 Ill. 294; Wailes* v. *Cooper, 25 Miss. 421; Hanserd* v. *Gray, 46 Miss. 75; Barker* v. *Belknap, 27 Vt. 700;* see, however, *Hannum* v. *Cameron, 12 Sm. & Marsh. 509; McRae* v. *David, 7 Rich. Eq. 375; Holmes* v. *McGinty,*

room for discretion in following those directions, I must approve
of the method pursued by the master. It is obviously the duty
of this court to pursue the directions of the appellate tribunal,
and it has no right to depart from them. It is laid down that
when the house of lords makes an order containing declarations
as to the rights of parties, and remits the cause to the court below,
with directions, it is not competent for the court below, upon the
same state of evidence to give any judgment inconsistent with
the declarations and directions of the house of lords. *Mac-
queen, 222 ; McNeill* v. *Cahill, 2 Bligh. (N. S.) 316.* But in the
case in hand the question is, What are the directions which the
appellate tribunal has given? The decree declares that the value
of the lands was $5,332, and that the trustee should be charged
with that sum as the value thereof, instead of $13,740, with
which he was charged ; and that the decree of this court " to the
extent that the same charges, or is based upon charging, against
him more than the sum of $5,332 as the value of the lands at
the time they were conveyed," be reversed.

The charges to which it has reference are those made against
him in respect to lands which he conveyed, and the price which

*46 Miss. 79 ; Murray* v. *Coster, 20 Johns. 603 ; Keller* v. *Lewis, 56 Cal. 466 ;*
or make an equitable partition after a reversal of a decree of the court of chan-
cery, which sustained a previous voluntary partition between the same parties,
*Polhemus* v. *Emson, 1 Stew. Eq. 576, 2 Stew. Eq. 583 ;* or admit new parties,
*Anderson* v. *Anderson, 1 Hen. & Munf. 12 ; Chouteau* v. *Allen, 74 Mo. 56 ;*
or add interest to the amount fixed by the decree, *Sturges* v. *Knapp, 35 Vt..
439 ; Ogden* v. *Thornton, N. J. Ch. Jan. 1885, Van Fleet, V. C. ;* or dispose of
a motion for a perpetual injunction, although a decree dissolving a temporary
injunction has been affirmed, *Rayle* v. *Indianapolis R. R. Co., 40 Ind. 347 ;* see·
*Beaudry* v. *Felch, 47 Cal. 183.*

Where the appellate court adjudged, on demurrer, that a plea was bad, and
the opinion suggested certain additional averments that would be requisite to·
supply its defects, such suggestions were not, on a subsequent appeal, deemed
exclusive, so as to prevent defendant from averring other matters in his plea,.
*Jesse* v. *Cater, 28 Ala. 475.*

A decree establishing a trust and remanding for partition and account will
not prevent the parties from showing that the ancestor's title was divested by·
a conveyance during his lifetime, *Kingsbury* v. *Buckner, 70 Ill. 514.*

A decree of the court of appeals provided that S. was entitled to redeem the·

Gilmore *v.* Tuttle.

has, through his fault, been wholly or partially lost, and the price fixed by the court of errors and appeals is a measure of damages for the consequences of that fault, and the direction of that court is that he be charged with such damages at a different and much lower rate than that adopted by this court. The master, in his report, had charged him with $790, for the difference between the value of the land conveyed in May and the $4,700 received on account of that price. The appellate court adjudged (in substance) that that charge, which was based upon the Quimby estimate was erroneous to the extent of the $790, and that, as to the land conveyed by the other conveyances, the charges were erroneous to the extent of the difference between them and the Smith estimates. The question is whether this court is bound, in the execution of the decree, to regard the directions of the decree as absolute and to be followed implicitly and literally without any manner of discrimination, or whether they are to be regarded as directions to guide this court in establishing the trustee's liability. I have no doubt that the latter is the true view. The exception under consideration will therefore be overruled.

---

property on paying the amount for which it sold at sheriff's sale, with interest ; and that the cause should be remitted for an account under the direction of the chancellor, and that S. be permitted to redeem on equitable terms.—*Held,* that the court of appeals did not intend to limit the terms, but to leave it to the court of chancery to add such other terms as it should deem equitable, *Johns* v. *Norris, 1 Stew. Eq. 147.*

Under a decision that an appellant was entitled to an interest in certain land on paying the amount found due upon an account to be taken between him and the respondent, upon certain principles, in the court below, and an account was taken there and a decree rendered accordingly, an appeal from that decree brings up only the question whether the account was taken in accordance with the principles established in the decision of the court, *Reed* v. *Jones, 15 Wis. 40 ; Koon* v. *Munro, 18 S. C. 374.*

The appellate court may award a peremptory mandate to the inferior court to carry out its decree, *McDonald* v. *McDonald, 16 Vt. 630 ; Johnson* v. *Glasscock, 2 Ala. 519 ;* or, if necessary, retry the case itself, *Fine* v. *Cockshut, 6 Call 16.*

Where a sale of land had been made under a decree which was afterwards reversed—*Held,* that the appellant was not precluded from recovering damages therefor because the lower court refused his motion to set aside the sale and restore his possession, *Reynolds* v. *Hosmer, 45 Cal. 616.*—Rep.

The trustee also excepts upon the ground that the master has not allowed him commissions. This objection is well taken. The exception will be allowed.

No other exception besides the two above considered was insisted upon at the hearing. There will be no costs of the exceptions awarded to either side.