# NEW YORK AND NEW HAVEN RAILROAD COMPANY *a.* SCHUYLER.

*Supreme Court, First District; Special Term, February,* 1859.

DECISION ON DEMURRER.—PARTIES.—ENJOINING PROCEEDINGS IN ANOTHER COURT.

In reversing judgment for the defendant upon demurrer to the complaint, the Court of Appeals appeared, so far as the opinion rendered by them discussed the questions raised, to have overruled the demurrer on deciding merely one of the grounds stated in it.

*Held*, on demurrer of another defendant, that they must be deemed to have considered and passed upon the other grounds of demurrer as well as the one discussed in the opinion, and that the court below were bound by the decision to treat all the grounds of demurrer as insufficient.

In an action by a corporation whose agents have issued spurious stock, brought against the holders of such stock, and seeking to have the same declared void, the holders of genuine stock are not proper parties.

The rule that one court should not restrain the proceedings of another of co-ordinate jurisdiction, does not apply to prevent a plaintiff from seeking in one action to restrain the defendants from prosecuting several actions relating to the same subject-matter, some of which actions are pending in other courts. All may be restrained in one action brought in either court.

Demurrer to complaint.

The decision of the Court of Appeals on the demurrer of parties in this cause is reported 7 *Ante*, 41. Further facts necessary to the understanding of the case are stated in the opinion.

INGRAHAM, J.—The demurrer argued in this case contains the same grounds of demurrer as were presented to the court in the demurrer of the defendant Cross. Upon the argument of that demurrer, the judge at special term sustained the demurrer, and upon appeal to the general term, the judgment below was affirmed. When the case was submitted to the Court of Appeals the judgment below were reversed. I concede that in the opinion delivered on that occasion, the court appear to have decided solely the question of multifariousness, which was much pressed before all the courts, but it is impossible for me to say that they did not consider the other points submitted to them as stated in the demurrer. On the contrary, I am bound to suppose that they would not have reversed a judgment in the defendant's favor on the demurrer, although the court might have erred on the question of misjoinder of different causes of action, if they had not been satisfied that the complaint contained a good cause of action against the defendant Cross. It would be improper for a judge of this court, in reference to a decision of the Court of Appeals, to say that because certain points taken in a demurrer had not been sufficiently argued before that court, or noticed by the justice delivering the opinion there, he would decide adversely to that decision, and send the case up again for that court to have the case more fully argued and to compel them again to review those questions with more care. It is our duty to recognize and to follow the decisions of that court, and on all questions which have been presented to the court we should adopt their decisions as binding and conclusive.

I feel, therefore, constrained to decide, that upon the questions presented by these demurrers in the case of Chappel and of Carpenter, and most of the questions presented by the other demurrers, I can only follow the decision of the Court of Appeals, by holding that the complaint contains a sufficient cause

of action, and none of those grounds are sufficient to warrant a judgment in the defendant's favor.

The other grounds taken by the demurrer I do not on examination think to be well founded. An objection is taken in some of the demurrers to the defect of parties defendants, in that the holders of the real stock are not made parties. I see no necessity to make such persons defendants. The action is not commenced to interfere with their stock. They are not required to prove the validity of the stock held by them, as it is admitted by the plaintiffs; and an averment in the complaint that they held the real stock, making them defendants on that account, would be objectionable, as showing no cause of action against them.

If in the progress of the cause any other person should be found to hold the false stock, the plaintiffs can be required to make them defendants, but not for the cause that they hold the real stock of the company.

Another ground of demurrer stated on behalf of the Mechanics' Bank is, that the action brought by them, and which is sought to be restrained in this action, was brought in another court, and that the remedy should be in that court.

Conceding that rule to be proper, if the bank were the only defendants, it does not apply here.

On examining the complaint, it will be seen that some of the actions are brought in this court, and some in the Superior Court. It would be proper in such cases, where all the defendants must be included in one action, to bring such action in either court, and from the necessity of the case either court could enjoin the judgments pending in both courts. Any other rule would enable one defendant to defeat the whole proceeding.

The case of The Farmers' and Mechanics' Bank of Kent County a. The Butchers' and Drovers' Bank (16 *N. Y. R.*, 125), is relied upon as showing that the Court of Appeals, by that decision, have thrown so much doubt over the decision made in this case on the demurrer of Cross, as to justify us in refusing to regard that decision as an authority in the plaintiff's favor.

There is between that case and the present one a marked distinction, viz.: that the court there thought the check sued upon was negotiable, and the rules as applicable to negotiable paper would not be applicable to certificates of stock in an incorporated company.

A check duly certified by the clerk who was authorized to certify checks, when the money was in the bank, to the credit of the drawer, was held to create a liability against the bank, even if so certified without funds to meet it.

In such a case, however, there is a distinction between certifying a check to be good and issuing a false certificate for stock which does not exist and cannot be created, and Seldon, J., in his opinion draws the distinction between The Mechanics' Bank case and the one then under consideration, and says: "They are plainly distinguishable from the present case," because the document upon which the question arose was not negotiable. (See also the opinion of Chief-justice Denio in the same case in 4 *Kern.*, 623.)

So far, then, as the plaintiffs seek to obtain a judgment declaring the false stock issued by Schuyler to be of no value, and the certificates to be void, I must, under the decision in the case of Cross, hold the complaint to be sufficient.

That such certificates cannot be recognized as valid and representing true stock, is I think clear. It is conceded that the company by its board of directors could not create such stock, nor in any way give it validity, and it cannot be pretended that an agent can be authorized to do what his principal had no power to do. But it does not follow that persons who have suffered from the acts of an agent, whether from negligence or fraud, may not obtain from the principal redress for the injuries sustained in consequence thereof. How that redress is to be obtained need not be inquired into here, nor to whom the principal is responsible. Those questions must naturally arise upon the trial of the cause depending upon the facts applicable to each particular case, and the examination of each case which will necessarily be made, would seem to present the great difficulty which will arise upon the trial of this cause against all the defendants.

The Court of Appeals have, however, contrary to the decision of this court heretofore expressed, held that the action against all the defendants was properly brought, and suggested the propriety of one trial for all. To that decision I must yield my opinion, whatever it may be.

Judgment for the plaintiffs upon the demurrer, with leave to the defendant to answer on payment of costs.