O’ Bribe, J.
This action was brought to recover from the defendant the proceeds of certain securities pledged by an executor of the deceased with the defendant. The complaint prayed for equitable relief.
The trial of the action resulted in a judgment in favor of the plaintiff against the defendant for $21,508.58. On defendant’s appeal this judgment was reversed and a new trial ordered, with costs to abide the event, from which judgment of reversal plaintiff appealed to the court of appeals upon the usual stipulation.
The court of appeals have affirmed the judgment of the General Term, with costs ; the defendant now moves for an extra allowance in addition to the taxable costs.
*161 Upon succeeding at Special Term the plaintiff was awarded an extra allowance, and it is conceded that the case was a difficult and extraordinary one, in which an allowance should properly be granted. Several objections have been raised to the granting of this motion which may be briefly noticed.
The First is that the plaintiff, who is an administrator, has no assets in his hands out of which an allowance could be paid.
While this might prevent the defendant from obtaining the benefits of an allowance, it is no reason for withholding the granting of one.
Second. The position that an allowance cannot be granted after an order has been entered upon a remittitur is equally untenable under the authority of Parrott v. Sawyer (26 Hun, 467).
Third. The most serious objection is that, as the party has not been awarded costs, he cannot receive an allowance ; or, in other words, to entitle the party to an allowance, he must be entitled to costs.
This application, however, is for both costs and an allowance, and if the court has power to grant the former, it has equal jurisdiction to award the latter.
My attention has been called to the case of Eldridge v. Strenz (39 Super. Ct. [J. & S.,] 295),which in effect decided that if the court before whom the final determination is had does not direct an allowance in its judgment, there is no authority elsewhere to adjudge it. This decision has been expressly overruled by the general term of this court in the case of Parrott v. Sawyer (supra) and also in the case of Helk v. Reinheimer (14 State Rep. 465). The contrary is, however, held in the case of People v. L. E. & Western R. R. Co. (14 State Rep. 169).
I am inclined to the view that, as" the defendant was-beaten in the trial court, he had no occasion or opportunity to ask for costs, and, as stated in Helk v, Reinheimer, “ we think he ought not to be deprived of that opportunity.”
*162 This being an equitable action, the application should more properly be made to the judge who tried the- case. But upon the fact appearing that he is uo longer a member of the court, the application was properly made to the special term at chambers.
Having concluded, therefore, principally- upon the reasoning of the opinion in Helk v. Beinheimer (supra), that the defendant is not barred from making this application for costs, which in the exercise of a sound discretion upon the character of the action should be awarded, his right to an allowance in addition would naturally follow.
I am of the opinion, therefore, that the motion should be granted allowing the defendant to tax his costs upon the trial, and in addition should be awarded an extra allowance of $500.
Ordered accordingly.
Note Collating Authorities on the Power of the Court below AFTER AN ACTUAL DETERMINATION BY THE APPELLATE COURT.
I. Oases on the general rule.
1. Huttemeier v. Albro, 2 Bosw. 546,555; affirmed 18 N. Y. 48.
Plaintiff brought an action to compel the defendant to remove a shed and other obstructions, erected by the defendant, and running along the rear of plaintiff’s lot. Judgment was rendered for plaintiff, but on appeal to the court of appeals the facts proven were not deemed sufficient to entitle plaintiff to judgment, and a new trial was ordered. Certain principles were enunciated by the court, with a view to guiding the further proceedings, although such principles were not called in question by the appeal.—Sold, that the court below should be governed by principles enunciated by a member of the court of appeals on announcing the decision of that court ordering a new trial—although such principles may not have been drawn in question by the appeal—if they were stated with a view to guiding the further proceedings.
2. Green v. Clark, 13 Barb. 57; affirmed 12 N. Y. 343.
After a verdict had been rendered for plaintiff, a new trial was granted, and the decision was affirmed by the court of appeals, that court deciding upon the merits, that the plaintiff was not entitled to recover. It did not appear that either of the judges who assigned reasons for the affirmance, dissented from the grounds on which the court *163 below had placed their judgment, although some of them assigned other reasons for the affirmance.—Held, that the judgment of affirmance should be held an affirmance, not only of the judgment, but of the precise proposition decided by the court below, and that that proposition must, in subsequent proceedings, be deemed the law of the case.
3. Mead v. Mead, 18 Barb. 578.
Appeal from decision of surrogate admitting a will to probate. The surrogate on a former trial admitted a will to probate, and the supreme court reversed the decision on appéal, on the ground that the evidence before him was insufficient to prove its valid execution by the testator .—Held, that the reversal, on appeal, of the determination of a ■question within the jurisdiction of the court below, as an original question there, where the reversal is merely on the ground that the evidence was insufficient, leaves the cause standing before the court below as if there had been no hearing, and the court may proceed to second trial.
4. N. Y. & New Haven R. R. Co. v. Schuyler, 8 Abb. Pr. 239.
Plaintiff, whose agents had issued spurious stock, brought an action against the holders of such stock, seeking to have the same declared void. A demurrer presenting several objections-to the complaint, was sustained by the supreme court and their judgment was reversed by the court of appeals.—Held, that although the opinion of the court of appeals discussed only one of the grounds of demurrer, they must be deemed to have overruled all of the objections to the complaint.
5. Matter of the Graduates, 11 Abb. Pr. 301, 337.
After the supreme court had refused application for admission as attorneys, the clerk of the court, without any order to do so, made a return to the court of appeals, of the orders and proceedings in the matter of these applications, and that court, without notice to the attorney general, or any other person, reversed the order, and directed the court to admit the applicants.—Held, that the court below, while protesting against this course, would yield to the decision, and admit the applicants.
6. Griswold v. Haven, 16 Abb. Pr. 413.
Appeal from an order denying motion to set aside a judgment for irregularity. Plaintiff obtained, upon a trial at circuit, a verdict for damages. Upon appeal, the General Term ordered a new trial. The court of appeals reversed the order granting a new trial, and directed judgment to be entered on the verdict. Defendants moved in the court below to set aside the judgment on the ground of irregularity contending that the verdict was subject to adjustment.—Held, that where the court of appeals reverses an order for a new trial, and directs *164 judgment to be entered on the verdict, the court below cannot go. behind such judgment, and inquire into its regularity.
7. Gelston v. Codwise, 1 Johns. Ch. 189.
Plaintiff was one of the judgment creditors of Sands, a bankrupt. A decree of the court of errors directed that the moneys arising from the real estate, at Brooklyn, should be applied to pay the judgment creditors; that the court of chancery should direct an inquiry as to the judgments docketed prior to the bankruptcy and unsatisfied, and that such judgments prior in point of time to that of plaintiff’s, were first to-be deducted from the particular fund so appropriated to pay the plaintiff. The decree further directed that the fact of prior judgments remaining unsatisfied, and of which satisfaction was not voluntarily confessed, should be conclusive upon plaintiff. Plaintiff, not being satisfied with the decree, filed a bill seeking relief out of the proceeds of all the estate of Sands, without being confined to the Brooklyn estate, and for a discovery of the payment of the judgments by other means than the record, on the voluntary confession of the party.-—Held, that after a decree in the appellate court, the party can have no other or further relief than its terms prescribe. It is the acknowledged doctrine of a court of review to give such decree as the court below ought to have given ; and the terms of the decree become the law of the case.
8. Lyon v. Merritt, 6 Paige, 473.
Application to modify decree. Defendants applied upon new affidavits to the Chancellor to modify a decretal order of the court for the Correction of Errors, directing a certain note to, be delivered up and cancelled.—Held, that where an order or decree appealed from does not reserve a right to apply for a modification, a party who wishes to-do so must ask the appellate court that the affirmance be without prejudice to such application, otherwise the court below cannot modify the order or decree after affirmance.
9. Patten v. Stitt, 50 N. Y. 591.
Motion to correct judgment by striking out costs. Plaintiff brought an action to obtain an injunction. Judgment was rendered at trial term in favor*of the defendant. Upon appeal the General Term granted a new trial. This order was affirmed in the court of appeals “without costs to either party.” Plaintiff taxed his costs below in the action, and the amount was inserted in the judgment entered upon the remittitur. Held, that it was irregular to insert costs in the judgment entered on the remittitur.
10. Sheridan v. Andrews, 80 N. Y. 648.
Action to recover moneys in the hands of a receiver. Plaintiff made several other parties defendants besides the receiver. A trial was had *165 ■dismissing plaintiff’s complaint and adjudging costs to the several defendants in different amounts. The judgment was affirmed, both at the General Term and in the court of appeals, with costs. The plaintiff then moved at Special Term that the defendants be disallowed all costs in the court of appeals, which motion was denied. Upon appeal to the General Term, the order of the Special Term was modified, so that all costs which had been allowed, except those to the receiver, were disallowed.—Held, that the court below has no power in general to modify a judgment after affirmance by the court of appeals. That there was an orderly way of having the costs disallowed by a return of the remittitur to the court of appeals and initiating action there.
11. McGregor v. Buell, 3 Abb. Ct. App. Dec. 86. The plaintiff appealed from a decision of the surrogate, on an application for letters testamentary. The supreme court affirmed the decree, but on appeal to the court of appeals it was reversed as to one of the respondents “ without costs, and without prejudice to any future application for letters testamentary.” The remittitur having been returned to the court below, judgment was entered annulling the decision of the surrogate, and awarding the costs of the appeal to plaintiff. On appeal to the court of appeals,—Held, that on filing a remittiUir, reversing a judgment, without costs, the court below has no power to direct the respondent to pay the appellants’ costs of appeal.
12. Mason v. Ring, 1 Robt. 650.
Plaintiff having recovered a judgment setting aside a conveyance, made by him, of land, and requiring defendant .to re convey, defendant appealed, and gave a .deed of such land as security, to abide the event of the appeal; he also stipulated that any incumbrance paid by plaintiff should be a lien, in case he should not ultimately prevail in the action. The court of appeals affirmed the judgment, but directed that defendant be let in to prove a claim against the plaintiff for services, and that the lands should stand as security for such claim, with power to the court below to release all or a part of the lands, or substitute other security, as might be equitable.—Held, 1, That this authorized tho court below, pending the further litigation, to release and order to be sold, sufficient of the land to repay to the plaintiff taxes and other incumbrances which had been paid by him. 2. That pending a reference ordered below, to determine the amount due defendant, it was not proper to order another reference to ascertain what amount would “ probably ” be allowed him, nor to release to the plaintiff so much of the land as was not necessary to secure such probable amount. The amount should be ascertained by prosecuting the first reference, and *166 meanwhile the security should not be changed, unless plaintiff showed' that continuing the existing security especially prejudiced him.
13. Sheldon v. Williams, 52 Barb. 183.
Appeal by plaintiff from an order denying motion to set aside judgment for irregularity. The plain tiff as administrator, had a final accounting before the surrogate, from whose decree he appealed to the General Term, where the decree was affirmed with costs. The defendant thereupon made a motion at the General Term, to charge the plaintiff personally, with the costs of the appeal. This motion was denied. Defendant thereafter made a motion at special term to enter judgment nunc pro tunc, which motion being granted, an order was entered to-that effect, and providing that judgment should be entered against the plaintiff for costs. Plaintiff moved to set aside the judgment, for the reason that the general term had denied a motion to charge him personally with costs.—Held, that whatever power a special term may have to control judgments, in matters of practice not affecting substantial rights, it cannot exercise the power of review or modification upon the merits of a General Term decision ; the judgment entered on such decision is subject to review only by the court of appeals.
14. Miller v. Coates, 2 Hun, 668.
Appeal from an order at Special Term denying defendants’ application to tax two bills of costs. The defendants separately demurred to the complaint. At Special Term the plaintiff had judgment on the-demurrer, as to one defendant, with costs ; the other defendant had judgment against the plaintiff, upon the demurrer, with costs. The-plaintiff appealed from the judgment against him to the General Term, which affirmed the judgment with costs. The defendant, whose demurrer was overruled, also appealed to the General Term, which reversed the decision of the Special Term with costs. The Special Term refused to allow the defendants to tax separate bills of costs.—Held, that this was error. That the General Term having settled the rights of the parties to costs, there is no power in the Special Term to modify the General Term order, so long as it is unreversed.
15. Clark v. Mackin, 34 Hun, 347. Motion to set aside judgment and to serve supplemental complaint.
Plaintiff began an action to foreclose a mortgage, and as auxiliary relief, sought to procure the cancellation of the satisfaction of another mortgage on the same premises, held by the defendants, Mackin and Verplank. The latter claimed priority for the mortgage they held. The Special Term decided in favor of the validity of plaintiff’s mortgage, but decided that the mortgage held by Mackin and Verplank was a prior lien, and that plaintiff was not entitled to subrogation. The- *167 judgment was affirmed by the General Term, but on appeal to the court of appeals, that court modified the judgment so as to subrogate the plaintiff to all the rights under the mortgage held by Mackin and Verplank. Thereupon plaintiff obtained an order of the Special Term setting aside the judgment so modified and entered on the remittitur, and granting leave to serve a supplemental complaint. Defendants appealed to the General Term.-—Held, that after the court of appeals have rendered judgment, though with modifications favorable to the plaintiff, and it has been made the judgment of the court below, the court below cannot set it aside so as to entitle him to proceed de novo on the principles laid down by the court of appeals; but they can grant leave to file a supplemental complaint setting forth facts occurred since the filing of the original. Compare Mackall v. Richards, 116 U. S. 45.
16. Bowman v. Bowe, 40 Hun, 489.
Upon the trial of this action the complaint was dismissed, and all the defendants, arrested under an order of arrest, were discharged from custody. The judgment was reversed by the General Term, and a new trial granted, upon which the plaintiff recovered a judgment against all the defendants except one. Thereafter, upon the plaintiff’s motion, an order was made declaring that the order of arrest originally granted should be reinstated with the same force and effect as it had prior to the dismissal of the complaint, and directing the sheriff to arrest and hold the defendants as required by that order.—Seld, that the original order could not be so reinstated and revised, and that the order so providing should be reversed.
17. Sears v. Marshall, 2 Southeast. Rep. 608.
The supreme court of Virginia decided that appellant was entitled to assert a homestead claim in property embraced in certain fraudulent bills of sale in which he was grantor, and which had been set aside. It further remanded the cause with instructions to have the homestead assigned to him, “ unless it appears that he is not entitled upon some other ground.’’—Seld, that there was no authority to reopen the whole case, and set up against the homestead-claim objections which might have been urged in the former hearing.
II. Gases sustaining the power of the court below to affect the result of the decision of the appellate court.
18. Reynolds v. Davis, 5 Sandf, 267.
Plaintiff claimed to recover the net proceeds of two cargoes of iron consigned to the defendants, the one by the brig Christina, the other by the ship Bohemia. The trial court decided that the plaintiffs were entitled to recover the proceeds of the Christina’s cargo, but not the *168 proceeds of the Bohemia’s cargo. Upon appeal, the decision as to the cargo of the Christina was affirmed, but that as to the cargo of the Bohemia was reversed, and plaintiffs were held entitled to recover the proceeds of both cargoes. Upon the cause being sent back to the lower court, that court declined to adopt the decision as controlling holding, that where the court saw plainly that the appellate court had assumed, as a basis for its decision, a state of facts materially different from that actually presented—the case being very voluminous and having been presented to the appellate court in manuscript—and the erroneous facts so assumed were such that it was impossible for the court to know what would have been' the decision of the appellate court on the true facts, it was not bound by that decision.
19. Jay v. De Groot, 1 Hun, 118 ; s. c., 3 Supm. Ct. (T. & C.) 745.
Pending an appeal from an order denying the petition of a creditor that a receiver assign to him a certain mortgage under foreclosure in the action, the mortgagor died, and his representatives were not brought in as parties to the appeal. The General Term made an order determining the appeal.—Held, that where a party dies pending an appeal from an order, arid his representatives are not properly before the court, an order of the General Term determining the appeal is irregular, and may be set aside at special term.
20. Gray v. Green, 14 Hun, 18.
A judgment was entered upon a decision of the General Term, allowing the plaintiff to redeem a certain contract, upon payment of a certain sum, within sixty days from the entry of such judgment. Subsequently upon plaintiff’s application, an order was made at special term staying all proceedings on the part of the defendant until the hearing by the court of appeals, of an appeal by the plaintiff and extending the time to redeem until sixty days after such decision of the court of appeals.—Held, that although the Special Term cannot review a decision of the General Term pronouncing absolute judgment, yet it may suspend the running of the time fixed in an absolute judgment for the performance of an act required thereby, pending an appeal to the court of appeals, when such stay is necessary to protect the rights of 'review or the rights of the party under the judgment.
21. In matter of Hancock, 27 Hun, the supreme court sustained an order of a surrogate setting aside a decree of probate made by his predecessor in office, on the ground that the latter was disqualified by reason of having received in his official capacity, and misappropriated, assets of the estate, although the probate proceedings had been reviewed and affirmed by the General Term and the court of appeals.
On appeal from this decision, the court of appeals (91 N. Y. 284) *169 ¡reversed the decision, that court holding that the surrogate was not disqualified by the possession of the funds of the estate placed in his hands by the stipulation of the party seeking to set aside the probate, 'I'.'.vo had procured a judgment of the supreme court in his favor on the appeal, with full knowledge of the trust reposed in the surrogate if not to the conduct of which he now complains.
22. Getty v. Spaulding, 58 N. Y. 636.
Appeal from an order affirming an order allowing plaintiff to amend •complaint. Plaintiff's complaint set forth a cause of action for fraud in a contract for the purchase of lands, and asked to have the contract rescinded. Upon the trial, it appeared that a rescission was impossible and the complaint was dismissed. The judgment was reversed by the court of appeals and a new trial ordered. An order was then granted allowing plaintiff to amend complaint by setting up further allegations of fraud and asking to charge defendants as trustees, and requiring them as such to account for and restore what they had unlawfully obtained.—Held, that the amendment was within the power of the court to grant, in its discretion (Code Civ. Pro. § 773), as also the terms, and the order was not reviewable in the court of appeals.
23. National City Bank v. N. Y. Gold. Exch. B’k, 97 N. Y. 645.
Motion to amend return. On appeal by both parties from a judgment entered on the report of a referee, the supreme court reversed so much of it as was objected to by the defendant, and ordered a new trial. From this the plaintiff appealed to the court of appeals. After that, on motion of the defendant, the supreme court directed among •other things, that its order and judgment be “amended nunc pro tunc," by inserting after the word “reversed” the words “upon questions of fact and law.” Thereupon the plaintiff applied for an order conforming the return to the amendment.—Held, that the supreme court has power, notwithstanding an appeal to the court of appeals, to make its record declare the truth as to its judgment, and so may, after an appeal, amend an order reversing a judgment entered on the report of a referee by adding a statement that the reversal was upon the facts as well as the law.
24. Blackburn v. Reilley, 48 N. J. L. 82 ; s. c., 4 East. Rep. 192.
Plaintiff brought an action in the Essex circuit court of New Jersey, to recover damages from the defendant for the latter’s refusal to accept a portion of fifty-two cart-loads of bark, under an alleged contract. Plaintiff recovered a judgment, which upon error to the court of errors and appeals, was there affirmed, and the record remitted to the Essex circuit. In the meantime, the defendant instituted an action against plaintiff in the same court, for his damages, by reason of the *170 unmerchantable quality of the bark, which action was removed to the-United States circuit court for the district of New Jersey. Pending this action, the defendant applied to the Essex circuit for a stay of the execution against him, in the action brought by plaintiff. The circuit court being in doubt, certified to the supreme court for its advisory opinion.—Held, that the circuit court, after affirmance of its judgment in the court of errors, and after the record has been remitted in the-usual form, has the power to stay execution after the judgment, and to hold it for the purpose of setting it off against a counter judgment. The mandate of the higher court does not affect the power of the circuit court to control the judgment for the equitable purpose of set-off.
25. Powell v. D. S. & G. R. R. Co., 14 Oreg. 22; s. c., nib nom. Powel v. Willamette R. Co., 12 Pac. Rep. 83.
Whenever, upon a decision overruling a demurrer to a complaint, the supreme court on appeal does not make a final disposition of the-cause, but remands the same, the lower court may determine in the first instance whether the defendant shall be permitted to plead over.
26. Merriam v. Gordon, 20 Neb. 405 ; 30 Northwest. Rep. 410.
Upon appeal from an order quashing service of notice to open a, decree entered by default, the order was reversed, but the mandate, by mistake, following the language of the opinion, directed the court below to “reinstate the cause and try the issues presented by the answer ” which defendant had filed on the motion ; but, before final action by the court below, the mandate was corrected by omitting such specific instruction, so as to direct the court below to proceed with the cause in accordance with law.—Held, that that court might allow counter affidavits to be filed upon the motion, and might, upon them, refuse-to open the decree.
27. Everhart v. Huntsville Female College, 7 Supm. Ct. Rep. 755.
The supreme court of the United States reversed a decree of the circuit court, and remanded the cause because the citizenship of the parties was not sufficiently shown to give the court jurisdiction.—Held, that it was for the court below to determine whether an amendment of the pleadings should be allowed to cure the defect.
28. Thornton v. Ogden, (N. J.) 7 Atl. Rep. 619.
The decree of the appellate court declared the grantee in an absolute deed to be a trustee ex maleficio, and directed an account, but did not allow interest to the grantor and beneficiary.—Held, that the trial court was not prevented from charging the grantee with interest, in the exercise'of its sound discretion.
*171 29. Tuttle v. Gilmore, 42 N. J. Eq. 369; s. c., 7 Atl. Rep. 869 ; 6 Cent. Rep. 101; 9 East. Rep. 52.
Although the judgment of the appellate court is incorrectly entered in its record, it is error for the court below to execute the judgment as pronounced, before such mis-entry is rectified.
30. Where the circuit court, after a reversal of their decree, further proceedings being awarded, allowed the defendant to file a supplemental answer to bring before the court the facts which were proper to be known before instructions were given to master as to the mode of settling the accounts.—Meld, that under the circumstances this was proper, and no objection could be taken to it on a subsequent appeal. Supreme Ct., 1857, Williams v. Gibbes, 20 How. 535.
III. Power of same court in enforcing judgment.
31. Adams v. Ash, 46 Hun, 105.
Plaintiff brought an action in the county court to compel the specific performance of a contract for the, purchase of land made by the defendant. The final judgment determined the sum remaining unpaid, and provided that, within ten days after entry, the amount of the judgment be paid to plaintiff, and that thereupon, the plaintiff execute a warranty deed of the premises. Defendant thereafter procured an ex parte order from the county court, extending the time in which plaintiff might make payment, and providing that the payment, if made, should have the same effect as though made within the time originally required. Plaintiff made a motion to vacate the ex parte order, contending that the county court had no power to modify the judgment in the manner stated.—Reid, that while the court cannot, after a final judgment has been entered, change or modify it on motion, as to the matters involved in the issues tried and determined by the court or jury, or which the parties might have tried and determined under the pleading, yet the court possesses the inherent power to correct irregularities and clerical mistakes, and to modify directions inserted in the judgment commanding the parties to do particular things, for the purpose of carrying the judgment into effect, which do not relate to the merits of the controversy.