36        581
m168 NY 578
s168 NY  581

HORACE BENJAMIN, Respondent, v. CATHERINE C. VER NOOY, as Administratrix, and ALMON H. SANDERS, as Administrator, with the Will Annexed of HIRAM CRANDALL, Deceased, Appellants.

*Action against the executors of a deceased surety on a joint and several promissory note — defense that it was an accommodation note diverted from its purpose — when the testimony of one of the joint makers is competent to show the consent of the deceased surety to such diversion — costs of appeals and of motions for new trials against executors.*

When, in an action upon a joint and several promissory note payable to " Nellie Petit or bearer," which the defendants' testator, one of the makers, had in fact signed as a surety, the defense is interposed that the note was delivered to another maker thereof, by the defendants' testator acting as his accommodation surety, for the sole purpose of enabling such other maker to borrow money of the payee named therein, and that such other maker diverted the note by delivering it to the plaintiff in payment of an antecedent debt, such other maker may testify on behalf of the plaintiff that, failing to induce the payee named in the note to accept it, he, acting on the advice of the defendants' testator, delivered it to the plaintiff, who paid part of the consideration in cash and the balance by satisfying an antecedent debt due the plaintiff from him, and that upon acquainting the defendants' testator with the facts, the latter said it was all right.

Such witness, not being a party to the action, is not interested in the event thereof, as the result would in no way affect his liability upon the note, the judgment which might be entered therein not being evidence against him of either fraud or a warranty by him of his title to the note, the only grounds upon which he could be held liable to the plaintiff for the costs and expenses of the action.

*Semble,* that the defendants, even had the witness been called by them, could not as against him, in the absence of evidence that they had notified him to defend, after paying the judgment rendered against them in the action, use such judgment as evidence that they were compelled to pay it.

Where, upon an appeal by the defendants in such an action from a judgment rendered against them, the General Term affirms the judgment, with costs, and the Court of Appeals reverses the judgment and grants a new trial, with costs to abide the event, and upon the second trial the plaintiff again succeeds, the plaintiff may be awarded the costs of the appeal to the General Term and to the Court of Appeals and of two unsuccessful motions for a new trial made by the defendants at Special Term, but not the costs of the two trials.

Section 1835 of the Code of Civil Procedure, providing that " where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity," costs shall not be awarded except as prescribed in section 1836 of that Code, only applies to the costs of the trial, and if, after such trial, the executor appeals from the judgment without success the costs of such appeal may be awarded against him.

APPEAL by the defendants, Catherine Ver Nooy, as administratrix, and Almon H. Sanders, as administrator, with the will annexed of Hiram Crandall, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 20th day of March, 1897, upon the verdict of a jury, with notice of an intention to bring up for review upon said appeal an order made at the Chemung Special Term and entered in the office of the clerk of the county of Cortland on the 10th day of March, 1897, granting the plaintiff the costs of the appeals heretofore taken in the action to the General Term of the Supreme Court and to the Court of Appeals; and also the costs of a motion made for a new trial before the Hon. C. E. MARTIN, and also the costs of a motion for a new trial made herein before Hon. WALTER LLOYD SMITH. Also an appeal from an order made at the Chemung Special Term and entered in the office of the clerk of the county of Cortland on the 10th day of March, 1897, denying the defendants' motion for a new trial, made upon a case containing exceptions, including a supplemental order made at the Chemung Special Term and entered in the office of the clerk of the county of Cortland on the 5th day of April, 1897, setting forth the grounds upon which the motion for a new trial was made.

*Edwin Duffey,* for the appellants.

*Kellogg & Van Hoesen,* for the respondent.

LANDON, J.:

This action is against the administrators with the will annexed of Hiram Crandall, deceased, upon a promissory note in these words:

" $4,000.        Jointly and severally we promise to pay Nellie Petit or bearer four thousand dollars with use, one year from date, for value received.

" Dated *January 5,* 1880

"LEMAN CALKINS,
"CALVIN L. HATHAWAY,
"HIRAM CRANDALL, *surety.*"

One of the defenses was that the note was signed and delivered to Lyman Calkins, the first signer of the note, by Crandall, as his

accommodation surety, for the sole purpose of enabling Calkins to borrow money thereon of Nellie Petit, the payee named therein, and that Calkins diverted the note from that purpose by delivering it to the plaintiff in consideration of an antecedent debt. Upon a former trial, upon evidence that the surety signed the note for the sole purpose of enabling Calkins to obtain the money upon it from Nellie Petit, and, failing in this, Calkins delivered it to the plaintiff in part payment of an antecedent debt due from Calkins to him, without the consent of the surety, the plaintiff having knowledge of the facts, judgment was directed for the plaintiff, but it was reversed upon appeal. (*Benjamin* v. *Rogers,* 126 N. Y. 60.)

Upon this trial the plaintiff called Calkins as a witness in his behalf, and he testified that Crandall, when he signed the note, advised him, in case he could not get Nellie Petit to take the note, to apply to the plaintiff, and that after he had tried, but failed to get her to take the note, he procured the plaintiff to take it, and that he immediately told Crandall the facts in full about receiving part of the consideration in money, and the other part in the antecedent debt of about $2,000 due from him to the plaintiff, and Crandall said that it was all right. This testimony, which was apparently decisive of the case, was duly objected to under section 829 of the Code. The objection was overruled upon the authority of *Wilcox* v. *Corwin* (117 N. Y. 500). This case is to the effect that the payee of a note does not derive title "from, through or under" the maker, since in the hands of the maker his own promise is worthless, and acquires life and value only by delivery to the payee, who thus acquires original and not derivative title to the note. Here the payee is Nellie Petit or bearer, and the plaintiff, upon delivery to to him, became the original bearer or payee. The defendants adduced evidence tending to prove that Calkins paid Crandall forty dollars to sign the note as surety, and urges that that payment gave him a property interest in the note before its delivery to the payee. But the surety's promise, like the principal's, was worthless before the delivery of the note. The promise was to the promisee, and, until it reached his hands, there was none.

In the case cited it did not appear that the deceased maker, whose executors alone defended, was surety for the witness, the other maker of the note, and the court held the latter incompetent to testify

against the representative of the deceased joint maker, because it did not appear but that, as between themselves, each maker was liable, and, therefore, each owed to the other the duty of contribution, and, hence, the witness was interested to make the deceased equally liable with himself. The defendants contend that, although Calkins was not in like manner interested, he was interested, because, if the plaintiff should fail to recover of these defendants, Calkins would be liable over to the plaintiff for all his costs and expenses in this action. Calkins is not a party to this action. The result would in no way affect his liability upon the note. He could be held liable only for the costs and expenses of the plaintiff in this action upon proof that he had practiced a fraud upon the plaintiff in inducing him to take the note, or had warranted his title thus to use it. (*White* v. *Madison*, 26 N. Y. 117.) The judgment in this action would not be evidence against Calkins of either fraud or warranty, and, therefore, he had no disqualifying interest. (*Nearpass* v. *Gilman*, 104 N. Y. 506; *Hobart* v. *Hobart*, 62 id. 80.) Calkins could show in such action against him, as the defendants sought to show in this, that the plaintiff knew all the facts respecting the alleged diversion of the note.

It is urged that the defendants, upon their payment upon this note, could sue Calkins and use this judgment as evidence that they were compelled to do so, and that, therefore, Calkins was disqualified. There is no evidence that the defendants called upon Calkins to defend this action or did anything tantamount to such notice, and, therefore, the judgment does not bind Calkins. (*Wallace* v. *Straus*, 113 N. Y. 238.) Moreover, the objection was not understood to rest upon the ground that Calkins was interested with the defendants, but against them. The test is whether he was a competent witness for the plaintiff — not whether, if the defendants had called him, the plaintiff might have had a valid objection.

We have examined the other exceptions urged by the defendants. Some of them rest upon disputed questions of fact which the court was not asked to submit to the jury. One relates to an abstract proposition of law, the applicability of which to the facts was not pointed out. The others are clearly untenable. The case was for the jury, was properly submitted to them, and the judgment should be affirmed.

The court, upon plaintiff's motion for costs, denied the costs of the two trials, but granted the costs and disbursements upon two motions for a new trial, and of the appeal to the General Term where the judgment upon the first trial was affirmed, with costs, and to the Court of Appeals where the judgment of the General Term was reversed and a new trial granted, with costs to abide the event. The defendants appeal from this order.    The Special Term, in effect, held that the plaintiff was not entitled to the costs of the trials, but was, as to the costs of the appeals.    The Court of Appeals having reversed the former judgment, with costs to abide the event, the costs of that appeal are upon this trial determined in plaintiff's favor (*First National Bank of Meadville* v. *Fourth National Bank of N. Y.*, 84 N. Y. 469), unless the statute (Code, §§ 1835, 1836) forbids.    Having finally succeeded, the plaintiff may be awarded the costs of the appeal to the General Term and of the unsuccessful motions of the defendants at Special Term for a new trial (*Donovan* v. *Vandemark*, 22 Hun, 307 ; *Carpenter* v. *Manhattan Life Assurance Co.*, 25 Hun, 194) unless the same statute forbids.    Section 3246 provides that in an action against an executor or administrator as such " costs must be awarded as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836."    The exemption from costs provided for by these sections is not absolute, but dependent upon the conditions therein expressed, to be determined by the court, and is " where a judgment for a sum of money only is rendered against an executor or administrator in an action brought against him in his representative capacity costs shall not be awarded except as prescribed in section 1836."    That this has sole reference to the costs of the action up to the judgment is indicated by the provision (§ 1836) " the court may award costs against the executor or administrator " as such or personally " as the court directs, having reference to the facts which appear upon the trial."    The right to the costs of an appeal is not then considered or passed upon.

Section 3238 provides that " upon an appeal from the final judgment in an action    *    *    *    specified in section 3228 of this act, the respondent is entitled to costs upon the affirmance, and the appellant upon the reversal of the judgment appealed from ; except

that where a new trial is directed costs may be awarded to either party absolutely or to abide the event." This includes " an action brought against an executor or administrator as such." (§ 2863, subd. 5.)

The judgment of the Court of Appeals reversing the judgment of the General Term, and in effect the order of the Special Term denying the first motion for a new trial, left the costs of those proceedings undetermined, and, therefore, an application to the court after the verdict upon the last trial to make the determination was proper, since when, after successive defeats or a reversal which vacates all previous orders respecting costs, a party finally prevails, he has the right to apply to the court for the proper order for costs in the proceedings by which he has been unjustly vexed. (*Helck* v. *Reinheimer*, 14 N. Y. St. Repr. 465 ; *Brown* v. *Farmers' Loan & Trust Co.*, 24 Abb. N. C. 160.) The Code, except in the excepted cases, exempts the executor from the costs of the action upon judgment against him rendered upon the trial. After such judgment, if he appeal, he is the moving party, and if, upon final judgment, it it appears that he has appealed in vain, the costs of such appeal may be awarded against him, notwithstanding the exemption accorded him in the first instance. This view was taken in *Hunt* v. *Connor* (17 Abb. 466) and *Judah* v. *Stagg's Executors* (22 Wend. 641), and we think is still the law.

The judgment should be affirmed, with costs, and the order affirrmed, with ten dollars costs.

All concurred.

Judgment affirmed, with costs, and order affirmed, with ten dollars costs and disbursements.